Bertram Harnett, J.
Can a man lawfully agree to marry a woman in order to legitimatize their three children, but only on the condition that she divorce him immediately after the marriage?
Plaintiff wife has instituted this action for divorce, alleging cruel and inhuman treatment by her defendant husband. He denies his wife’s allegations about treatment, and counterclaims in his turn for an annulment. The husband also asserts the facts of his counterclaims in affirmative defense to her complaint.
He claims that he was induced to marry his wife on March 3, 1969 under promises by her that, if he would marry her to legitimatize their children, she would immediately divorce him. The husband claims that the wife never intended to keep the promises and that he, acting in good faith, believed them and relied upon them. In his second counterclaim, he adds that the marriage was never consummated. This divorce action was instituted August 25, 1969.
A curious aspect of the case is that the husband is, in effect, defending against this suit for divorce with the argument that his wife promised to give him a divorce. It would appear from the argumentative outline that one or more of three factors motivate his defense. First, he does not find appealing the grounds for the divorce sought; second, an annulment to him might ease the economic burden that a divorce by the wife might entail; and, third, a fear that the wife may withdraw or stall her action.
Under any combination of circumstances, the husband cannot prevail here on his counterclaims and cannot offer them in affirmative defense.
These alleged affirmative defenses are insufficient, as a matter of law, even if proven. There are no statutory defenses to an action for divorce based on the defendant’s cruel and inhuman treatment. Defense must consist of a denial of the complaints made. The sole statutory provision relating to affirmative defenses for divorce actions is expressly limited to actions based on adultery (Domestic Relations Law, § 171). There are no similar defenses to an action based upon the grounds established by the Legislature in 1966, effective 1967, such as the grounds involved here. Since the early 1800’s, New York has held that divorce law is purely statutory (see Burtis v. Burtis, Hopk. Ch. *438 557; Wood v. Wood, 2 Paige Ch. 108) and the introduction of such equitable antiques as the doctrine of “ clean hands ” should not be contemplated without express legislative direction (Poster and Freed, The Divorce Reform Law, 1969). The modern New York philosophy is that questions of fault are irrelevant where the marriage is demonstrably no longer viable. (Gleason v. Gleason, 26 N Y 2d 28.)
The counterclaims for annulment similarly must fail. There are two alternate grounds asserted. First, that there was a promise of immediate divorce; and, second, that there was a failure of consummation. They are, in sum, an attempt to state grounds for annulment based on a contractual fraud. Annulment, like divorce, is wholly statutory. Fraud in the inducement of a marriage is grounds for annulment. (Woronzoff-Daschkoff v. Woronzoff-Daschkoff, 303 N. Y. 506.) However, where is the fraud here ? The wife agreed to divorce him immediately after the marriage, and, she has started her action some five months after marriage, which seems timely enough under the circumstances. The grounds may not be palatable to the husband, but a divorce cannot be lawfully granted without valid grounds. Parties cannot make a binding contract for the performance of an unlawful or impossible thing. (Rosasco Creameries v. Cohen, 276 N. Y. 274; Williston, Contracts [3d ed.], vol. 1, § 19; [Rev. ed.], vol. 6, § 1935.) Moreover, there was no specification or limitation as to grounds for divorce in the oral agreement which has been assumed. Again, as to the charge of no consummation, there is no fraud, since the parties assumedly agreed to no consummation. Lack of consummation is not a stated ground for annulment under section 140 of the Domestic Relations Law. Rather, its significance is in a failure to consummate a marriage where consummation was anticipated. There, the failure to consummate is deemed the breach of a representation to consummate (Sophian v. Von Linde, 22 A D 2d 34, affd. 16 N Y 2d 785). Here, the representation was not to consummate.
If the husband is concerned that the wife may withdraw or stall her divorce action, it is enough to observe that a matrimonial action, once commenced, cannot be withdrawn without the consent of both parties and the court. (CPLR 3217; Harley v. Harley, 19 Misc 2d 74.) Moreover, the husband has procedural remedies to encourage prompt pursuit of the cause. If in the end divorce is not granted because of lack of grounds, then his agreement was not possible in the first place.
It has been said that promises to divorce are against the public policy of this State for they are offensive to the ‘1 peculiarly sacred character of marriage ” (Delfino v. Delfino, 35 *439 N. Y. S. 2d 693, 696.) Moreover, as the wife points out, section 6-311 of the General Obligations Law states that a husband and wife cannot contract to alter or dissolve a marriage. While the spirit of this statute is plainly to quell contracts which frustrate the marital relationship, the statute is not, in its strict terms, applicable to the case at hand. The alleged agreement was made at a time when the parties were not yet husband and wife, and was not when executed a contract between spouses. Whether a contract of the type here is enforceable at all would doubtless depend on the particular circumstances of a given case. Gleason v. Gleason (supra) marks a significant sociojudicial reproach to fictionalizing the continuity of dead marriages. But, determination of the point is unnecessary in this case. If the contract is no good, it is a voidity to the husband. If it is given legal effect, he still loses.
The counterclaims and affirmative defenses set forth by defendant are insufficient as a matter of law. The motion to dismiss them is granted.