Wilfred A. Waltemade, J.
In this action for divorce brought by the plaintiff husband pursuant to subdivision 1 of section 170 of the Domestic Relations Law on the ground of cruel and inhuman treatment, the plaintiff makes this application to strike the second through seventh affirmative defenses. The second affirmative defense alleges forgiveness and condonation; the third defense charges the plaintiff with acts of adultery; the fourth, sixth and seventh defenses allege acts of cruelty and inhuman treatment committed by the plaintiff, and the fifth defense accuses the plaintiff of abandonment.
Former section 170 of the Domestic Relations Law, authorizing an action for divorce solely on the grounds of adultery, was repealed by chapter 254 of the Laws of 1966, effective September 1, 1967, and the present section 170 was substituted permitting divorce on six grounds including adultery. Section 171 of the Domestic Relations Law, providing for permissible defenses in divorce actions predicated solely upon adultery, was not repealed or amended by the Legislature. The plaintiff urges that under section 171, no defenses are permissible in actions for divorce predicated on any of the grounds specified in section 170 other than upon the grounds of adultery.
Defendant argues that there is no logical reason why an action for divorce based upon adultery should be subject to defeat by the interposition of defenses, while an action for divorce upon the ground of cruel and inhuman treatment is free from attack by the assertion of affirmative defenses. Defendant further urges that it is manifestly unjust to permit a defendant in an action for separation predicated upon cruel and inhuman treatment to interpose affirmative defenses authorized by section 202 of the Domestic Relations Law, while *653 if the plaintiff seeks a divorce on the same ground, the defendant is not permitted to allege the same defenses.
An action for divorce is purely statutory and the equity powers of the court cannot be invoked to change the requirements and procedure set forth in the statute (Hoops v. Hoops, 292 N. Y. 428; Mohrmann v. Kob, 264 App. Div. 299, revd. 291 N. Y. 181; Powell v. Powell, 282 App. Div. 99). The language of section 171 of the Domestic Relations Law specifically restricts defenses in actions for divorce only to those actions founded on charges of adultery. The argument made by the defendant carries strong appeal but it is more properly to be addressed to the Legislature. Until that body has enacted a statute which expressly or by implication permits the interposition of affirmative defenses in actions for divorce based upon all the permissible grounds including adultery, this court may not assume to grant that power. The function of the court is to enforce and interpret the laws ordained by the Legislature and not to usurp the power of the Legislature by decreeing laws through judicial intercession.
Although the court is constrained to grant the motion to strike the affirmative defenses, the defendant should be afforded the opportunity, if she is so advised, to convert into counterclaims any of the affirmative defenses which would properly be the basis for an action by her for a divorce or legal separation.
Accordingly, plaintiff’s motion to strike the second through seventh affirmative defenses is granted, with leave to the defendant to serve an amended answer within 20 days after service of a copy of the order to be entered herein together with notice of entry.