Max Bloom, J.
Plaintiff sues, alternatively, for divorce or separation, predicated upon the charge of cruel and inhuman treatment (Domestic Eelations Law, § 170, subd. [1]). At the close of the entire case he moved to withdraw so much of his prayer for relief as sought a separation. Decision thereon was reserved. The application is now granted.
Defendant has counterclaimed for a separation, charging cruel and inhuman treatment (Domestic Eelations Law, § 200, subd. 1) and abandonment (Domestic Delations Law, § 200, subd. 2).
The proof submitted amply demonstrates the .substance of the charge of cruel' and inhuman treatment made by each of the parties. On a number of occasions the defendant, by her violent conduct, kept plaintiff awake all night and, during one of these sessions, struck him on the head with a heavy porcelain candlestick or ash tray. Another occasion, a violent scene, during which defendant struck plaintiff, took place in the office of the psychiatrist who was treating their child. From 1965 onward she denied plaintiff his conjugal privileges. The record is replete with still other incidents, less violent in nature but no less corrosive of the marital relationship.
The plaintiff, however, did not passively stand by. He more than made up for his nonparticipation in oral combat. On one occasion, he broke the nose of his wife. On another, he loosened one of her teeth. On still another he gashed the inside of her mouth, necessitating surgical mending.
Plainly, this was not one of the marriages made in heaven. Its dissolution would merit little consideration were it not that it highlights some of the anomolies presented by the reform in the divorce law.
I.
‘ ‘ Matrimonial actions are neither actions at law nor suits in equity, but statutory actions modeled largely upon equity procedure. Both power and practice depend on the statute except that where the statute is silent the practice usually follows the rule in equity” (People ex rel. Levine v. Shea, 201 N. Y. 471, *359 478 ; Williams v. Williams, 261 App. Div. 470, 475). Accordingly, we look to the statute to determine whether either or both of the parties has a valid defense to the claim of the other.
Section 171 of the Domestic Relations Law governs defenses to an action for divorce. It provides that certain acts shall constitute a bar to an action bottomed upon a charge of adultery. It provides no defenses where the charge forming the basis for the complaint is other than adultery. That this was deliberate on the part of the Legislature is evident from legislative history (Gleason v. Gleason, 26 N Y 2d 28, 35 ; Foster and Freed, The Divorce Reform Law, 1970, p. 11). As the law currently stands there is no affirmative defense to a divorce sought upon grounds other than adultery (Mante v. Mante, 34 A D 2d 134 ; Bishop v. Bishop, 62 Misc 2d 436 ; Ray v. Ray, 62 Misc 2d 652 ; Foster and Freed, The Divorce Reform Law, 1970, pp. 11-13). If the statutory grounds have been established, relief must follow.
Inasmuch as plaintiff has clearly demonstrated the cruel and inhuman conduct of the defendant, he is entitled to a divorce.
II.
The counterclaim for separation is cast in a somewhat different mold. Section 202 of Domestic Relations. Law specifies that, where the relief sought is a separation, the defense of justification is applicable. This has been interpreted- to mean that a plaintiff who is guilty of conduct in derogation of her matrimonial obligations is barred from obtaining a separation even though the defendant’s conduct would otherwise justify the granting of such relief (Petrella v. Petrella, 23 A D 2d 489). That is not to say, however, that the defendant in this case provoked the assaults, for on the state of the record it is impossible to say who provided the impetus for the initial clash. It is to say only that the defense of recrimination is applicable and has been made out.
In light of the foregoing, and the granting of the divorce to plaintiff, it is unnecessary to determine whether plaintiff’s removal of himself from the matrimonial domicile constituted an abandonment of defendant by plaintiff. It is appropriate to note only that it constituted a reasonable appraisal of the degree to which the marital relationship had deteriorated and that, by placing distance between the parties, it tended to minimize the probability of further violence.
III.
We come, then, to the heart of the controversy — the issue of alimony.
*360 The amendment of section 170, with the resultant elimination of the defense of recrimination, except in actions founded upon adultery, has created a situation in which each of the parties may plead, and prove, a valid basis for divorce. Other States, which liberalized their divorce laws long before New York did, have endeavored to meet the problem by introduction of the doctrines of “ comparative rectitude ” (Hendricks v. Hendricks, 123 Utah 178) and “ dual divorce ” (De Burgh v. De Burgh, 39 Cal. 2d 858 ; Burns v. Burns, 145 Mont. 1 ; Burch v. Burch, 195 F. 2d 799 [C. A. 3d]). Where the doctrine of comparative rectitude is applied the court may weigh the conduct of the parties and may grant the divorce to the party least at fault. Where the doctrine of dual divorce is followed the court may issue a decree granting a divorce to each of the parties provided that each has established cause. (For a general discussion of the subject see Ann. 13 ALR 3d 1367.)
De Burgh (supra), which is the leading case on the subject, leaves to the trial court, in its discretion, the determination of whether the fact situation presents a proper case for the application of one doctrine or the other (see, also, Mueller v. Mueller, 44 Cal. 2d 527 ; Cardew v. Cardew, 192 Cal. App. 2d 502 ; Perini v. Perini, 225 Cal. App. 2d 399 ; Gilmore v. Gilmore, 45 Cal. 2d 142 ; See v. See, 64 Cal. 2d 778 ; Cohen v. Cohen, 156 Cal. App 2d 191).
Here the parties were equally at fault. Each alleged and proved facts sufficient to sustain a cause of action for divorce under subdivision (1) of section 170 of the Domestic Relations Law. The plaintiff, having sought a divorce, is entitled to a decree granting him the relief prayed for by him. Defendant has been denied relief only because, by her prayer, she sought a separation, which was less than she is entitled to receive and to which the defense of recrimination is applicable.
Thus, the question is posed directly. Because defendant requested less than she is entitled to get, does section 236 of the Domestic Relations Law bar her right to alimony? That section authorizes a direction by the court “ for the support of the wife as, in the court’s discretion, justice requires ”. The court may do this ‘ ‘ notwithstanding that the court refuses to grant the relief requested by the wife * * * (2) by reason of the misconduct of the wife, unless such miscondhcct would itself constitute grounds for separation or. divorce”. (Italics supplied.)
Had the defendant sued for divorce, she would have been entitled to a decree granting her the relief sought, regardless of *361 whether the doctrine of comparative rectitude or dual divorce were applied, albeit the plaintiff would have been entitled to the same relief. If this were the situation, there would have been no refusal “ to grant the relief requested by the wife ”. Thus, despite the implication in Foster and Freed to the contrary (The Divorce Reform Law, 1970, p. 13), the condition mandating the refusal to grant alimony would not exist. Indeed, authority supports the conclusion that alimony would be justified, dependent on the need therefor (De Burgh v. De Burgh, 39 Cal. 2d 858, swpra). That case holds (p. 874) that 1 ‘ when a divorce is granted to both, alimony may be awarded to either, for the basis of liability for alimony is the granting of a divorce against the person required to pay it ”. (To the same effect, see Mueller v. Mueller, 44 Cal. 2d 527, 530 ; Gilmore v. Gilmore, 45 Cal. 2d 142.)
While there is no authority in this State which is directly in point, Sacks v. Sacks (26 A D 2d 575) is persuasive that the question of alimony must be viewed as a unitary part of the question presented for determination. There, the husband sued for separation. The wife counterclaimed for like relief. Both claims were dismissed, the wife’s for failure of proof, and the husband’s, even though he established the wife had abandoned him, because his conduct was such as to bar the relief sought. In affirming the substantial award of alimony the court said (p. 576): “ As a wife may obtain support from her husband when both are free of misconduct, she may also obtain support when both are guilty of misconduct which bars both from obtaining a separation ’ ’.
Thus far we have discussed defendant’s right to alimony in the context of the hypothesis of a prayer seeking divorce. The fact is that she has not sought a divorce; and the relief requested, in the form of a separation, is denied on two grounds — recrimination and a termination of the marital relationship by the granting of a divorce to her husband. However, rights are contingent upon the facts as they have been developed upon the trial. It is difficult to believe that the Legislature intended that a right so substantively vital as the right to alimony be dependent upon a matter so substantively irrelevant as the prayer for relief.
Nor is Schine v. Schine (36 A D 2d 300) to the contrary. There the court held that both parties had failed to establish the bases for their causes of action. Accordingly, it remanded the case for a determination of the amount of alimony to be awarded to the defendant under section 236 of the Domestic Relations Law. *362 Since relief was denied to both, the granting of alimony to the wife is in accord with Sacks (supra).
In these circumstances I conclude that defendant is entitled to permanent alimony. This is fixed in the sum of $75 per week.
IV.
There remain a number of questions for disposition.
(a) The child of the parties, a young boy approximately nine and one-half years of age, has been under the care of a child psychiatrist for some three years. Although bright and intelligent he has reacted unfavorably to the problems besetting his parents. The psychiatrist recommends that the child, for the time being, be sent to a boarding school and that he spend the summer months at a sleep-away camp. The school recommended by him is Green Chimney, located at Brewster, New York, and the camp recommended is the one run by the school. Although both are considered expensive, the plaintiff has indicated a willingness to pay therefor. The decree to be entered herein will so provide.
It will further provide for joint custody and will also indicate that during the Christmas vacation period the child will stay with the defendant while spending the Easter vacation period with the plaintiff. Other vacation periods will be shared equally by the parties and the decree may also specify that visitation rights at the school and camp are to be shared alternately and equally.
(b) Among the items of relief sought by the defendant is one dealing with the ownership of three parcels of real property, one located in Cedar Grove, New Jersey and two located at Amagansett, New York. Patently, the land in each case was purchased with funds supplied by defendant. The plaintiff, however, has paid for the installation of a road on the New Jersey property (which still remains unimproved). He has also paid the taxes thereon for a substantial portion of the 17-year period that the property has been held by the parties. The Amagansett property, which was unimproved when bought, has since been improved. Although there is a sharp dispute as to who paid for the improvements, it is plain that each has made a substantial contribution thereto. Additionally, it is clear that plaintiff, by his own work, has added substantially to the value of the property.
Accordingly, it is declared that each of the parties has an equal interest in each of the parcels of property and that title thereto is held by them in common.
*363 (c) Finally, there is a request for additional counsel fee by the attorneys for defendant. While the services rendered, which included four and one-half days of trial, were substantial, nonetheless the financial circumstances of the plaintiff do not permit of an award commensurate with their value. Accordingly, counsel is allowed an additional fee in the sum of $500.