Morris Sliekin, J.
Plaintiff moves to strike defendant’s affirmative defense or in the alternative, to strike defendant’s demand for a jury trial and further, to frame issues to be determined by the jury. The motion is disposed of as hereinafter set forth.
Plaintiff’s cause of action is based upon claimed cruel and inhuman treatment by defendant for which she seeks a decree of divorce. Further, plaintiff seeks a judgment against defendant to reimburse plaintiff for moneys claimed to have been expended by her for necessaries.
Defendant’s answer serves a general denial and, as an affirmative defense only, alleges that plaintiff committed adultery, *31 that plaintiff removed herself from the bedroom of defendant, and that plaintiff used drugs. The demand for a jury trial by defendant pursuant to provisions of section 173 of the Domestic Relations Law seeks a determination by a jury not only on the issues of cruel and inhuman treatment, but also on the issue of adultery of the plaintiff as alleged in the answer of the defendant.
Clearly, defendant is entitled to a jury trial on the issues of fact raised by the allegations in the complaint setting forth cruel and inhuman treatment and the general denial of the defendant of those allegations.
The defendant, in an action for a separation, may set up in justification the misconduct of the plaintiff. (Domestic Relations Law, § 202.) However, no similar or parallel section authorizes the interposition of justification in an action for divorce. In an action for a divorce based upon cruel and inhuman treatment, the defense of recrimination based upon misconduct is not available to defendant (Mante v. Mante, 34 A D 2d 134; Ray v. Ray, 62 Misc 2d 652). There is no affirmative defense to a divorce sought upon grounds other than adultery. (Woicik v. Woicik, 66 Misc 2d 357.)
An entirely separate matter is the admissibility of evidence under defendant’s general denial seeking to establish that the acts complained of by plaintiff were in turn provoked by the actions of plaintiff. The court does not pass upon this aspect of the issues raised, but refers it to the Trial Judge to be considered and disposed of at the time of the trial.
Plaintiff’s motion is granted to the extent that defendant’s affirmative defense is stricken and to direct that the issues to be resolved at the jury trial shall be limited to a determination as to whether or not the plaintiff, by preponderance of the credible evidence, has established facts which would entitle her to a decree of divorce against defendant on the ground of cruel and inhuman treatment. Plaintiff’s motion to strike defendant’s demand for a jury trial is denied.