■ ARTHUR HAMMER, Respondent-Appellant, v. EDNA HAMMER, Appellant-Respondent.— Appeal by defendant from a judgment of the Supreme Court, Queens County, dated June 5, 1972, which, after a nonjury trial, *inter alia* granted plaintiff a divorce on the ground of abandonment, and cross appeal by plaintiff from so much of the judgment as referred the issues raised in defendant's first counterclaim, i.e., whether defendant is entitled to reimbursement for certain expenditures, to a Special Referee and reserved the issue of defendant's right to support to the Family Court. Judgment modified on the law and the facts and in the interests of justice, by (1) deleting the first decretal paragraph thereof, which granted the divorce, and substituting therefor a provision dismissing plaintiff's complaint; (2) deleting from the second decretal paragraph thereof, which concerns defendant's first counterclaim (for reimbursement for expenditures incurred for necessaries and counsel fees), the

verbiage referring the issues raised in that counterclaim to a Special Referee, and substituting therefor a direction that those issues and the issues raised in the second counterclaim (for support and counsel fees) are remitted to Special Term for determination; and (3) deleting the third and fourth decretal paragraphs thereof. As so modified, judgment affirmed, with costs to defendant. Plaintiff brought this action for divorce on the ground that defendant, who had been his wife for 26 years, refused to engage in normal sexual conduct with him for a period in excess of four years. The parties have one son, 25 years of age. At the trial, plaintiff testified, and the trial court found, that such a sexless relationship had existed for a 10-year period prior to plaintiff's leaving the marital abode on May 4, 1970. According to plaintiff's trial testimony, around the time of his 50th birthday he became somewhat depressed and told his wife that they had no life together and that he could not go on living together as they had been. He also testified that he had on a number of occasions spoken to his wife about her refusal to engage in sex with him but that she continued to refuse him. On cross-examination, however, he admitted that he recalled the responses he gave at a prior support hearing in the Family Court, in which he denied that he had ever spoken to his wife concerning the lack of a sexual relationship in the latter years of their marriage or that he had ever threatened to leave her if she refused to resume normal sexual relations with him. On further cross-examination it was brought out that some three months after he left the marital abode he applied for an apartment with a young female employee of his, who was represented in the application as his wife. Plaintiff further admitted that he intended to eventually marry this employee, of whom he was enamoured, but denied that he lived with her at the aforementioned apartment. He did admit, however, that some four months after he left the marital abode he went to Europe with this young woman and shared the same room with her on the trip. Defendant denied that she had regularly refused her husband sexual relations and testified that until about four years prior to the separation she and her husband had " a good sexual life ". During the past few years her husband never approached her with a view toward making love and she made no demands on him. On such a record, this court cannot affirm a judgment of divorce in plaintiff's favor. Even crediting all of his testimony and rejecting that of defendant, it is clear that plaintiff for 10 years " did nothing by way of legal process to assert his marital rights but was apparently content to permit the situation to continue and receive the benefits therefrom, and to rest upon the unwritten agreement respecting separation from bed but not from board " (*Lowenfish* v. *Lowenfish*, 100 N. Y. S. 2d 610, 613, affd. 278 App. Div. 716). It seems clear to us that under the circumstances of this case, it can be said that plaintiff consented to a sexless relationship. Before he can predicate a separation or divorce action on the ground of defendant's refusal to have sexual relations with him, he must request " in good faith a renewal both of the marital relation and its obligations and, if the other refuse, such refusal will [then] furnish the basis of an action " (*Solomon* v. *Solomon*, 290 N. Y. 337, 340–341). This court will not sanction plaintiff's unilateral termination of a marital relationship predicated on a refusal to have sexual relations when he himself, in effect, consented to such a relationship for the long period here involved. Notwithstanding our dismissal of the complaint, defendant may still have a claim for support and counsel fees (see *Brownstein* v. *Brownstein*, 25 A D 2d 205; *Field* v. *Field*, 50 Misc 2d 732) and a right to a determination with respect to her counterclaim for necessaries; and we deem it best for Special Term to determine these matters. Munder, Acting P. J., Martuscello, Gulotta, Christ and Benjamin, JJ., concur.