■ In the Matter of LUZ GONZALEZ, Petitioner, v. JAMES R. DUMPSON, as Commissioner of the New York City Department of Social Services, et al.,

Respondents.— Determination of State Commissioner of Social Services dated January 30, 1974, rendered after a hearing, affirming a determination of the New York City Department of Social Services which reduced certain installment payments of petitioner's public assistance grant in order to recover a $145.50 overpayment, unanimously confirmed, without costs or disbursements.   Generally, where an issue is raised concerning the genuineness of an indorsement, a finding with respect thereto should be based upon " testimony as to the execution of the indorsement either from someone who witnessed the indorsement or from a qualified expert (*Boyd* v. *Wyman*, 39 A D 2d 874; *Matter of Diaz* v. *Wyman*, 41 A D 2d 722)" \(*Matter of Garcia* v. *Lavine*, 41 A D 2d 817, 818).   Such evidence was not introduced herein, the agency instead, submitting a written statement by a representative of its reconciliation section who stated that in his opinion the signatures on the request for replacement and on the original check were made by the same person.   However, despite that failure, the record contains substantial additional evidence supporting the finding that the check issued to petitioner and claimed to have been lost, was actually indorsed and cashed by her. The replacement check, concededly indorsed and cashed by petitioner, and the original check, bearing her alleged signature, were both introduced into evidence.   Unlike the cases relied upon, the petitioner herein did not deny signing the original check or recovering its proceeds.   Accordingly, the issue of the genuiness of the signature was never raised as a defense and the presumption that the signature was genuine was not rebutted (Uniform Commerical Code; §3–307).   Additionally, this being a civil proceeding, the hearing officer could properly have drawn an unfavorable inference against petitioner, based upon her refusal on constitutional grounds, to respond to the hearing officer's inquiry as to whether her signature appeared on the back of the check (*Laverne* v. *Incorporated Vil. of Laurel Hollow*, 18 N Y 2d 635; *Levine* v. *Bornstein*, 13 Misc 2d 161, affd. 7 A D 2d 995; *Bradley* v. *O'Hare*, 2 A D 2d 436).   Concur — McGivern, P. J., Markewich, Steuer, Tilzer and Capozzoli, JJ.