Ann T. Mikoll, J.
This is a CPLR article 78 proceeding to review respondents’ termination of petitioner’s home relief assistance for 30 days on the ground that petitioner refused a job referral as required by subdivision 5 of section 131 of the Social Services Law.
Petitioner is not proceeding on the grounds that there was not substantial evidence to justify the determination under CPLR 7803 (subd 4). This court is, therefore, authorized to rule on the issues presented and need not transfer the proceeding to the Appellate Division pursuant to CPLR 7804 (subd [g]).
Respondents suspended petitioner’s public assistance based on a determination that on September 23, 1975, petitioner refused a job referral. On September 30, 1975, respondents sent petitioner a notice of intent to discontinue relief as of October 10, 1975. On October 9, 1975, petitioner requested a hearing to review the agency’s determination. The hearing took place on October 30, 1975. On December 10, 1975, respondents affirmed the agency’s determination and petitioner was denied welfare benefits for 30 days.
Petitioner sets forth three grounds for reversal of respondents’ determination which are based on alleged improprieties occurring in the October 30, 1975 hearing. Petitioner alleges: (1) that respondents offered no testimonial evidence to controvert petitioner’s testimony; (2) that respondents failed to produce certain Social Services officials at the hearing as required by law; and (3) that the hearing officer should have granted petitioner’s request for an adjournment.
The transcript of the hearing reveals that respondents’ case consisted solely of documentary evidence. One document entitled "Services to Social Services Applicant” is dated September 23, 1975 and states in pertinent part: "client refused referral — claims would spoil chances for C.E.T.A. job — client has been giving excuses for [the] past year — referred 19 times —No hires.” This document was signed by "Harry Gugino”, *796 Social Services employee. The second document entitled "Referral-General (Certification Project)” dated October 7, 1975 contains essentially the same language and is signed by "William Cushing”, another Social Services employee.
18 NYCRR 358.9 (g) provides that a Social Services official shall: "take such action to assure that the person who made the determination to discontinue, suspend or reduce assistance, or who is responsible therefor; shall appear at the hearing.”
It appears from the documents introduced by Social Services at the hearing that the person who made the determination to suspend petitioner’s public assistance was either Mr. Gugino or Mr. Cushing, or possibly both. It further appears that the hearing officer gave the agency an opportunity to produce Mr. Gugino at the hearing but that Mr. Gugino was not available. Social Services had 10 days’ notice of this hearing and yet failed to produce Mr. Gugino or anyone else familiar with the case or to give any reasonable or justifiable explanation for his absence. This is clearly in controversion of lawful procedure as set forth in 18 NYCRR 358.9 (g) and deprived petitioner of the ability to cross-examine a live witness as to the meaning of the documents. (Matter of Gonzalez v Dumpson, 46 AD2d 861.)
Wherefore, the relief as requested by petitioner is granted as follows: the determination of the hearing officer is declared to be in violation of the applicable laws of New York State and is null and void. The respondents are directed to reinstate petitioner’s assistance and restore all benefits lost as a result of the hearing.