■ GAIL I. ASH, Respondent-Appellant, v FLETCHER T. ASH, Appellant-Respondent.—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs. Memorandum: The trial court granted a dual divorce upon the grounds of cruel and inhuman treatment of the wife, Gail Ash, by the husband, Fletcher Ash; and, upon the grounds of cruel and inhuman treatment of the husband by the wife. The decree of divorce, among other things, granted the wife alimony of $100 per week and all reasonable and necessary medical and dental expenses. The husband was also ordered to pay the sum of $3,000 together with disbursements as and for counsel fees incurred by the wife in connection with this action. The judgment as granted cannot stand. Having found the wife's conduct sufficient to "constitute grounds for separation and divorce", it was error for the trial court to award her alimony (Domestic Relations Law, § 236; *Fomenko v Fomenko,* 50 AD2d 712). The trial court did not give special weight to the consequences of section 236 in granting a divorce to the husband on the grounds of cruel and inhuman treatment *(Hessen v Hessen,* 33 NY2d 406, 411). However, rather than remit the matter, and since counsel at oral argument conceded that a new trial would not be helpful, we shall determine the issue of whether the wife's conduct constitutes cruel and inhuman treatment. The parties were married in 1965 and there are no issue of the

marriage. The husband is a licensed and practicing podiatrist and the wife worked as an executive secretary. The wife's conduct, including the misuse of barbiturates, the making of unfounded and unjust accusations against her husband, the failure to attend social functions and to perform her marital duties and obligations caused the husband to lose his appetite, become unable to sleep and adversely affected his ability to concentrate and perform his duties as a podiatrist. The record reveals that much of the marital discord stemmed from the wife's abuse of barbiturates and her resultant actions while under the influence of such drugs. Her actions were at times irrational and violent. The wife's argument that her actions prior to a 1972 reconciliation were forgiven by the husband and therefore cannot serve as a basis for a finding of cruel and inhuman treatment is without merit. Condonation cannot be an affirmative defense to cruel and inhuman treatment. Section 171 of the Domestic Relations Law governs defenses to an action for divorce. The defense of condonation (Domestic Relations Law, § 171, subd 2), as well as the other section 171 defenses, applies only to the offense of adultery *(Lowe v Lowe,* 67 Misc 2d 271, affd 37 AD2d 525; *Woicik v Woicik,* 66 Misc 2d 357; *Ray v Ray,* 62 Misc 2d 652). We find from this proof that the wife's conduct toward her husband constituted cruel and inhuman treatment. Consequently she may not be awarded alimony in this divorce action. Finally, we see no reason to disturb the trial court's award of counsel fees in this case. (Appeals from judgment of Monroe Supreme Court —divorce.) Present—Marsh, P. J., Cardamone, Mahoney and Dillon, JJ.