## Fourth Department, April, 1977

## (April 7, 1977)

Margaret Francati, Appellant, v Aldo Francati, Respondent.— Judgment unanimously affirmed, without costs. Memorandum: Plaintiff wife appeals from a judgment which dismissed her complaint in which she sought a divorce and which granted her husband's counterclaim for divorce upon the grounds of the wife's cruel and inhuman treatment and abandonment. The judgment also granted the wife counsel fees, exclusive possession of certain personal property and directed sale of the marital home, the net proceeds to be divided equally between the parties. The parties were married in 1939. They separated when the husband left home in 1973. The wife claimed that the husband was guilty of cruel and inhuman treatment because of his open and notorious association with another woman and that he abandoned plaintiff in 1973 without justification because of the other woman. The husband, in his counterclaim, asserted that the wife abandoned him in 1968 by refusing to have marital relations with him thereafter, that she was guilty of cruel and inhuman treatment for that same reason and because she made unjustified and unfounded accusations against him causing him embarrassment and humiliation, and that she has created such disharmony by her refusal to share social and family activities with him that his health and his ability to practice his profession of dentistry have been adversely affected. There was ample support in the record for the trial court's decision that the husband was entitled to a divorce because of plaintiff's cruel and inhuman treatment (see *Ash v Ash,* 53 AD2d 1039) and abandonment (see *Schine v Schine,* 31 NY2d 113, 119–120; *George v George,* 34 AD2d 888). Plaintiff admitted that she refused to have marital relations with her husband, refused to attend social functions with him and that she frequently failed to eat family meals with him. She also admitted that her husband had tried repeatedly to obtain marriage counseling with her for approximately 10 years before the parties separated but that she refused to participate with him. She claimed justification for her refusal to join in her husband's affairs or to have marital relations with him because of her discovery in 1968 of evidence indicating that he was involved with another woman, but she never confronted her husband with this evidence or offered any reason to him for her refusal to have marital relations with him for the

five years prior to their separation (cf. *Hammer v Hammer,* 41 AD2d 831, affd 34 NY2d 545). In any event, the evidence was not conclusive of an extramarital affair by him. In view of the wife's long-standing conduct, impairing the basic obligations and rights of the marital relationship, which resulted in physical and mental suffering to the husband, the court properly granted his counterclaim for divorce. We find no error in the court's denial of alimony (see *Fomenko v Fomenko,* 50 AD2d 712, app dsmd 38 NY2d 999), or in its direction for disposition of the marital home (see *Gajewski v Gajewski,* 52 AD2d 735). (Appeal from judgment of Monroe Supreme Court —divorce.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.