(May 27, 1977)

■ CARL J. BIAMONTE, JR., Respondent, v ELAINE D. BIAMONTE, Appellant.—Order unanimously affirmed, without costs. Memorandum: Default judgment of divorce on the ground of cruel and inhuman treatment was granted to plaintiff husband on June 21, 1976. On August 20, 1976 defendant wife made an application for an order vacating the judgment and for permission to interpose an answer to the complaint and defend the action. The record shows that the parties were each nearly 20 years old when they married in 1957. Three children were born to them within five years thereafter. In 1976 plaintiff was employed in Herkimer as a bookkeeper and defendant was employed in Utica as an assembler. In March of that year plaintiff told defendant that he wanted a divorce—that they had little in common. On May 18, 1976 plaintiff accompanied defendant to the office of an attorney of his selection, where the matter of a divorce was discussed and the terms of a property settlement and custody and support of the children were agreed upon; and a summons and complaint in plaintiff's action for divorce on the ground of cruel and inhuman treatment were served upon defendant. On May 27, 1976 the attorney sent a letter addressed to both of the parties setting forth his understanding of the terms of their property settlement, to wit, that on entry of judgment of divorce plaintiff would convey his interest in the marital home to his wife and give her a bill of sale of all of the household furnishings; defendant would relinquish to plaintiff all claims to bank deposits held by them and any interest in two automobiles of 1929 and 1931 vintage, respectively, and a motorcycle; and plaintiff would pay to defendant $4,000 and also would pay to her $75 per week for the support of the three children, such payments to be reduced to $60 per week when the eldest child attains majority and $40 per week when the second eldest child attains majority. The deed and bill of sale were executed and delivered to the attorney to hold in escrow for delivery to defendant when the judgment of divorce was entered, at which time the $4,000 would also be paid to defendant. On June 21, 1976 the judgment of divorce was granted on defendant's default and thereupon the deed to her was recorded and the bill of sale was delivered to her, as apparently was the $4,000 payment. On August 20, 1976 defendant instituted this proceeding, before the Justice who granted the judgment of divorce, to vacate the judgment and for permission to interpose an answer and defend the action for divorce. Her attorney submitted a supporting affidavit in which he stated that she has a meritorious defense and that he had advised her that she must tender back to plaintiff his title to the real estate. In the answer which defendant proposed to interpose she makes general denial of the allegations of the complaint and alleges an affirmative defense that "for the last year plaintiff has consorted with certain female persons unknown to the defendant, such that the defendant has become nervous and distraught and embarrassed and been held up to scorn by such conduct of the plaintiff". Defendant has not tendered to plaintiff the return of the deed, bill of sale and cash payment. In an affidavit in support of her motion defendant asserted that plaintiff has a bank account in Pittsburgh and other assets undisclosed to her, and that plaintiff's action rendered her nervous and distraught. In a note dated the day before this motion was made defendant's doctor stated that her marital problems made her so upset that he prescribed Valium for her. There is no statement that her nervousness rendered her unable to appear and defend her divorce action; and it appears that her default was intentional. Plaintiff replied to her affidavit by

one in which he stated that to defendant's knowledge the Pittsburgh bank account had existed for years, and that in May, 1976 there was a balance therein of $518.62. The court denied the motion to vacate and permit defendant to answer and contest the action, and defendant appeals from the order entered on that decision. Although the courts are liberal in granting motions to reopen default judgments in matrimonial actions *(Harris v Harris,* 35 AD2d 894), even in such matters there must be a showing of reasonable excuse for the default, especially that it was not intended, and that there is a meritorious defense *(Cohen v Levy,* 50 AD2d 1039; *Harris v Harris, supra).* Here defendant makes no showing that her nervous condition interfered with her ability to defend. Her acceptance of the deed, bill of sale and cash payment and failure to tender their return indicate her concurrence in the plan for divorce. She has made no substantial showing of misrepresentation. The nature of defendant's proposed affirmative defense, above quoted, is especially important. Defendant has not alleged that plaintiff has committed adultery; but, if she had, even that would not be a defense because plaintiff's action is not grounded on defendant's adultery. There is no statutory defense to an action for divorce based upon defendant's cruel and inhuman treatment *(Mante v Mante,* 34 AD2d 134, 140; *Hilford v Hilford,* 70 Misc 2d 30; *Woicik v Woicik,* 66 Misc 2d 357, 359; *Bishop v Bishop,* 62 Misc 2d 436, 437; Domestic Relations Law, § 171; Foster, 1970 Survey of New York Law—Family Law, 22 Syracuse L Rev 207, 212). Thus, even if we were to vacate the default judgment and permit defendant to interpose her answer, the affirmative defense would be subject to dismissal as a matter of law. Defendant has made no factual refutation of plaintiff's allegation of her cruel and inhuman treatment of him and has made no substantial demonstration that plaintiff misrepresented his financial condition. When parties demonstrate their incompatibility, there is little the courts can do to hold them together. We find no reason to disturb the ruling made by the Trial Justice in the exercise of his discretion. (Appeal from order of Oneida Supreme Court—vacate default judgment.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.