■ RONALD E. LESKO, Respondent, v KATHLEEN T. LESKO, Appellant. — Order unanimously reversed, without costs, and matter remitted for further proceedings in accordance with the following memorandum: Defendant appeals from an order denying her motion to vacate a default judgment of divorce entered in favor of plaintiff on January 25, 1979. Although the motion was made within one year of service upon defendant of a copy of the judgment (see CPLR 5015, subd [a], par 1), Special Term found that she "failed to show a reasonable excuse and a meritorious defense". While we agree that defendant's motion papers fail to demonstrate a meritorious defense, we find the record inadequate to support a conclusion that her default was not excusable. Nonetheless, absent a showing of merit, an affirmance generally would be required *(Biamonte v Biamonte,* 57 AD2d 1052; *Benadon v Antonio,* 10 AD2d 40, mod 10 AD2d 929). We choose here to remit the matter, however, to afford defendant an opportunity to show, beyond mere conclusory averments, that she has a

meritorious defense (cf. *Benadon v Antonio, supra),* and upon a showing of merit, for a hearing on the issue of whether, as claimed by defendant, her default was the product of "overreaching and undue influence" by plaintiff (see CPLR 5015, subd [a], par 3). Defendant was personally served in the action, but did not appear or answer. She was present in court at the divorce hearing, however, and upon being questioned by the court, she acknowledged that she did not choose to defend the action and that she knew she would have no right to alimony if plaintiff was granted a divorce. At the conclusion of plaintiff's direct examination, the following colloquy occurred between the court and plaintiff: "Q. Is your wife employed? A. No, she is not. Q. Is she able to maintain herself? A. It is her intention now to seek employment. She has not been able — she has not done that. Q. Have you made any provision for maintaining her? A. No, because she has wanted to wait until this hearing was over, until this was final. And it is my intention to help her find a suitable place for her to live, to help her with any monetary requirements that she will need and to help in whatever way I can for her to find employment." Thereupon the court directed questions to defendant, who was still in the courtroom: "THE COURT: Mrs. Lesko, would you be kind enough to step forward please? Are you aware that in the event that if your husband obtains a divorce against you you have no right to alimony? You are aware of that? MRS. LESKO: Yes. THE COURT: You have considered this? MRS. LESKO: Yes. THE COURT: You have some independent means of support? MRS. LESKO: I do not." Defendant's affidavit on this motion asserts that her failure to have appeared in the divorce action was based, at least in part, upon promises made to her by plaintiff, upon which she relied, that she would receive monetary help and other aid and support from plaintiff. She also asserts that plaintiff told her that there was no need for her to consult an attorney because "it would only cost a fortune" and that "he would take care of her and would look after her interests in the matter". Plaintiff's affidavit in response to the motion raises issues of fact as to plaintiff's averments. The parties were married in 1957 and are the parents of two children. They had a reasonably normal relationship for approximately 12 years but in 1969 defendant began using alcohol excessively. Since that time she has been beset with alcohol-related problems which required hospitalization five times between 1971 and 1978. A psychiatric report submitted on the motion recites that defendant "had suffered from a chronic alcohol abuse problem of about eight years' duration up until several months before" plaintiff brought the divorce action. It further states that "Because of a personality pattern of chronic low self esteem (consistent with her earlier years in the orphanage), she was unusually compliant, dependent, and unassertive as an adult. Adding to this, her husband's request for divorce sufficiently wounded her pride so as to persuade her to go along with his firmly worded injunction against her contesting his petition for divorce". Although the psychiatrist found no evidence to indicate that defendant lacked the capacity to make an intelligent and knowing choice, he also opined that it is "likely that * * * emotional factors * * * led her to an unreasoning and self-destructive failure to answer her husband's allegations" in the divorce action. The law favors disposition of controversies on the merits *(Long Is. Trading Corp. v Tuthill,* 243 App Div 617). Thus the court has the discretionary power to vacate a default upon a showing of reasonable excuse and the absence of willfulness *(Benadon v Antonio, supra).* A defaulting party will also be relieved of a judgment if it was procured by "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015, subd [a], par 3). The burden of demonstrating a basis for vacating a default is less demanding in matrimonial actions than in others *(Biamonte v Biamonte, supra; Rizzo v Rizzo,* 50 AD2d 915;

*Harris v Harris,* 35 AD2d 894). Indeed, where it is demonstrated by the moving party that the failure to contest the matrimonial action was the product of plaintiff's " ' "overmastering influence" ' " or the movant's " ' "weakness, dependence, or trust justifiably reposed," ' " it becomes plaintiff's burden " ' "to show affirmatively that no deception was practiced, no undue influence was used, and that all was fair, open, voluntary and understood." ' " *(Parker v Parker,* 66 AD2d 328, 332-333.) It is on the basis of those well-established principles that defendant should be afforded a hearing to determine whether her default was occasioned by plaintiff's misconduct in prevailing upon her not to retain counsel and in assuring her of financial aid and assistance to which she was not to be entitled upon plaintiff's procurement of the divorce. Since such a hearing would be fruitless in the absence of a showing of merit, defendant should first be given an opportunity, within 20 days of the entry of an order herein, to show that she has a meritorious defense to plaintiff's action. (Appeal from order of Ontario Supreme Court — vacate default judgment.) Present — Dillon, P. J., Simons, Schnepp, Callahan and Doerr, JJ.