■ ANNE K. FRITZ, Appellant, v JAMES D. FRITZ, Respondent. — Judgment unanimously reversed, on the law and facts, with costs, and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: The record in this case amply supports plaintiff's cause of action for divorce based upon cruel and inhuman treatment. Although the wife's testimony concerning the husband's admissions of adultery is inadmissible to prove the adultery cause of action, it is admissible as part of the cruel and inhuman cause of action (*Poppe v Poppe,* 3 NY2d 312). His behavior and admissions to the wife constitute cruel treatment to such a degree that the trial court abused its discretion in not granting the divorce. Similar activity on the part of a spouse has long been recognized by this court as sufficient proof of cruel and inhuman treatment to warrant granting a divorce (*Armstrong v Armstrong,* 47 AD2d 800). The evidence here is not based solely upon the wife's testimony. The affair with one of the husband's paramours was corroborated by the daughter's testimony concerning the husband's admission of a Toronto liaison and by introduction into evidence of a Buffalo motel receipt. In addition, the husband's invocation of the Fifth Amendment privilege when asked whether he had sexual relations with certain named women permits an adverse inference against him (*Matter of Gonzalez v Dumpson,* 46 AD2d 861; *Bradley v O'Hare,* 2 AD2d 436, 442; *Eastern Airlines v Stuhl,* 65 Misc 2d 901, affd 68 Misc 2d 629; Richardson, Evidence [10th ed, Prince], § 534, pp 526-527). Although it could affect the adultery cause of action, condonation is not a defense to cruel and inhuman treatment and we have so held in *Ash v Ash* (53 AD2d 1039, 1040). Similarly, the husband's argument of provocation raised in this appeal is without merit. The matter is remitted to the trial court for the purpose of granting the judgment of divorce and for further proceedings on the issues of maintenance, custody, child support, and possession of the marital residence. (Appeal from judgment of Supreme Court, Monroe County, Houston, J. — divorce.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.