■ SHIRLEY BRECKINRIDGE, Appellant, v PHILIP BRECKINRIDGE, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered April 8, 1983 in Columbia County, upon a decision of the court at Trial Term (Kahn, J.), without a jury. ¶ In March, 1981, plaintiff commenced this action for divorce alleging cruel and inhuman treatment for the preceding three years. The parties had been married for 23 years and have two teen-age children. ¶ At trial, plaintiff attempted to prove that beginning in late 1978 or early 1979 and until she instituted suit, defendant had on several occasions engaged in conduct which so endangered her physical or mental well-being as to make continued cohabitation unsafe or improper (Domestic Relations Law, § 170, subd [1]; *Kennedy v Kennedy,* 91 AD2d 1200). The conduct complained of was manifested by defendant's uncommunicativeness, unsociability, excessive criticism of her and the children, and lack of attentiveness toward her (in one instance overattentiveness toward a neighbor's mother) in social situations, causing plaintiff embarrassment. Plaintiff also testified that defendant beat their dog, upsetting both her and their children, and one occasion frightened her by deliberately driving too close to a tractor trailer, nearly causing an accident. Defendant admits to his reticence in social situations, but otherwise denied any wrongdoing. The parties did agree, however, that they had not had sexual relations since prior to 1978, each blaming the other for lack of interest.

¶ Plaintiff maintained that because of the foregoing conduct, she suffers a variety of physical and emotional problems including diarrhea, headaches, rashes, sleeplessness and depression; her daughter corroborated that plaintiff was often nervous and depressed. ¶ Given the wide discretion trial courts have in determining the issue of cruel and inhuman treatment, the trial court's decision in this case to dismiss the complaint was not improper (*Forcucci v Forcucci*, 96 AD2d 751). To secure a divorce predicated on cruel and inhuman treatment in a marriage of this duration, a high degree of proof of serious misconduct must be displayed (*Wilkins v Wilkins*, 91 AD2d 771); plaintiff simply has not met that burden. The lack of communication and unpleasantness catalogued by plaintiff does not amount to cruel and inhuman treatment. In addition, it is not entirely clear what caused plaintiff's nervousness and depression. Plaintiff's sister, with whom she was very close, died of cancer in 1977, perhaps a contributing factor to plaintiff's condition. And since it appears that both parties acquiesced in limiting their intimacy, neither alone can be faulted (*Hammer v Hammer*, 34 NY2d 545). While the record bespeaks an unhappy marital relationship, and the behavior described evidences dissatisfaction and incompatibility, it is insufficient to warrant a divorce. ¶ Nor did the trial court err when it refused to admit into evidence letters from defendant to plaintiff which grossly predated the time period in issue, or when it failed to award plaintiff attorney's fees. Admissibility of evidence is largely within the discretion of the trial court (*Radosh v Shipstad*, 20 NY2d 504, 508), and applications for counsel fees should be directed to and passed upon by the court of original instance (*Lawson v Lawson*, 79 AD2d 787, 788). Rule 863.4 of this court requires that an application for counsel fees include an affidavit explaining the fee arrangement between party and counsel (22 NYCRR 863.4). Although plaintiff testified that her counsel fees were $9,819 and that she had made unspecified payments, the fees and payments were not documented in any respect; she neither complied with rule 863.4 nor applied to the trial court to be relieved of compliance. ¶ Judgment affirmed, without costs. Mahoney, P. J., Yesawich, Jr., and Harvey, JJ., concur.

Kane and Levine, JJ., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). In our opinion, the record in this case adequately supports plaintiff's cause of action for divorce based upon cruel and inhuman treatment. Defendant's conduct so clearly constitutes cruel treatment that the trial court abused its discretion in not granting the divorce (*Fritz v Fritz*, 88 AD2d 778; see, also, *Bulger v Bulger*, 88 AD2d 895). We note that trial court's decision herein merely serves to "needlessly prolong the obviously defunct marriage" (*Newmann v Newmann*, 55 AD2d 822, 823). Accordingly, we would reverse and remit for further proceedings in accordance herewith.