■ ANNE VOLMER, Appellant, v RICHARD VOLMER, Respondent.—Yesawich, Jr., J. Appeal (1) from an order of the Supreme Court in favor of defendant, entered September 17, 1984 in Albany County, upon a decision of the court at Trial Term (Williams, J.), without a jury, and (2) from the judgment entered thereon.

The parties were married in 1961. Four children were born of this union, three of whom were still minors at the time of the nonjury trial of plaintiff's action for a divorce based on cruel and inhuman treatment *(see,* Domestic Relations Law § 170 [1]). Plaintiff testified that the marriage began to deteriorate in 1981 when defendant became unemployed following loss of his gas station franchise. From February to October of that year, defendant remained at home. According to plaintiff, everybody was then nervous and depressed about the future economic plight of the family. Defendant allegedly withdrew from all interaction with the family and the parties were quarreling constantly. Plaintiff acknowledged that she believed the relationship would improve once defendant acquired a business. In October of 1981, defendant purchased a bar in the City of Albany and began coming home late at night; although he closed the business at midnight, he remained unaccounted for until 5:00 A.M. or 6:00 A.M. each day. According to plaintiff, defendant's "girlfriends" then started calling him at home, but he denied having a relationship with anyone. This conduct made her feel "very hurt, upset, let down", prompted her to seek psychological counseling, and ultimately moved her to ask defendant to permanently leave the marital residence in February of 1982, which he did.

The only other proof in support of plaintiff's case was the testimony of defendant's alleged live-in girlfriend of 2½ years, a living arrangement that she maintained commenced in May of 1981. Defendant declined an opportunity to introduce any evidence in opposition. Thereafter, Trial Term, in a written decision, dismissed the complaint for failure of proof. Plaintiff appeals.

It has just recently been reaffirmed that a high degree of proof of cruel and inhuman treatment is necessary to dissolve a marriage of long duration and, further, that a divorce is not to be granted simply because a marriage is "dead" *(Brady v Brady,* 64 NY2d 339, 345-346). The evidence must establish a course of conduct which so endangers the physical or mental well-being of the party seeking the divorce as to make continued cohabitation with the other spouse unsafe or improper *(Kennedy v Kennedy,* 91 AD2d 1200; *Warguleski v Warguleski,* 79 AD2d 1107). Here, plaintiff seeks to have a 20-year marriage dissolved because of defendant's late night absences from the marital abode throughout a four-month period. She claims no violence or apprehension of such, and testified to minimal mental anguish. As for plaintiff's witness, the record lends substance to Trial Term's observation that her testimony was less than compelling and of little probative worth.

Given that Trial Term had the opportunity to see and hear the witnesses and the considerable discretion it possesses in determining the issue of cruel and inhuman treatment, dismissal of the complaint was not inappropriate *(see, Breckinridge v Breckinridge,* 103 AD2d 900, 901).

Order and judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.