### MACKINTOSH v. MACKINTOSH.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

HUSBAND AND WIFE—SEPARATION—ALIMONY.

Application for alimony and counsel fees on complaint for separation for cruel and inhuman treatment and affidavit should be denied, both being barren of the specifications of the nature and circumstances of the misconduct, required by Code Civ. Proc. § 1764, no distinct act of cruelty being stated, nor time or place of any particular act, the answering affidavits denying the general charges, and stating that plaintiff is living in adultery, and this not being denied.

Appeal from special term, New York county.

Action by Ida L. Mackintosh against Frank H. Mackintosh for separation. From an order granting application for alimony and counsel fee, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Hartley G. Pelletier, for appellant.
Henry W. Leonard, for respondent.

BARRETT, J. The plaintiff seeks a separation upon the ground of cruel and inhuman treatment. She applied for alimony and counsel fee upon her complaint and affidavit. Both are entirely barren of any such specification of the nature and circumstances of the defendant's alleged misconduct as is required by section 1764 of the Code of Civil Procedure. No distinct act of cruelty is stated, nor is the time and place of any particular act of that charge specified. The averments throughout are of mere generalities. Upon the other hand, the defendant, in his answering affidavits, not only disproves these general charges, but alleges and proves that the plaintiff is a loose woman, and has been living in open adultery since their separation. The plaintiff did not even file a rebutting affidavit denying the charge of adultery. It is difficult to perceive, under these circumstances, upon what principle alimony and counsel fee were granted.

They should have been denied, even upon the original case presented by the plaintiff. Upon her charges as thus alleged, she can have no reasonable hope of success. When, in addition to the defects in the plaintiff's complaint, and the weakness of the case presented by her affidavit, we have a well-proved and undenied countercharge of adultery, there should be no hesitation in denying the application.

The order appealed from should be reversed, and the motion denied. All concur.