Matthew J. Jasen, J.
This is a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice on the ground that the complaint does not comply with rule 280, which reads as follows: “Rule 280. Complaint in action for separation. The complaint in an action for separation must specify particularly the nature and circumstances of the defendant’s misconduct and set forth the time and place of each act complained of with reasonable certainty. ’ ’
Defendant contends that paragraphs 4, 5 and 6 of the complaint contain generalities and conclusions of law and do not set forth particularly the nature and circumstances of defendant’s misconduct such as to the time and place of each act complained of. Under such circumstances, the defendant argues that the complaint does not state a cause of action and must be dismissed. In support of his contention the defendant cites Rebstock v. Rebstock (144 N. Y. S. 289); MacKintosh v. MacKintosh (44 App. Div. 118); Otton v. Otton (196 App. Div. 403) and Carbone v. Carbone (200 Misc. 437).
Paragraph 4 of the complaint states “ that the defendant has been guilty of cruel and inhuman conduct toward the plaintiff, and of such other conduct toward the plaintiff as to render it both unsafe and improper for the plaintiff to cohabit with the defendant.”
Paragraph 5 of the complaint states “ that during the month of November, 1959, while the plaintiff and defendant were visit *59 ing New York City, the defendant attacked and severely injured the plaintiff.”
Paragraph 6 of the complaint states c ‘ that for some time the defendant has returned home continuously under the influence of intoxicating liquor, and immediately upon his arrival at home he is boisterous, threatens the plaintiff, and on occasions strikes her, has called her obscene names, has refused to provide for her or give her money to pay for food, and has repeatedly threatened her with personal violence.”
The court is of the opinion that paragraph 4 alleges a legal conclusion and of itself is insufficient to allege a cause of action.
As to paragraphs 5 and 6, the court finds that the plaintiff has stated in her complaint the approximate time and place of the act complained of with reasonable certainty, and having done so, she may then allege other facts and circumstances showing a general course of misconduct designed to support the specific allegation in the complaint. (See Earle v. Earle, 79 App. Div. 631; Gruber v. Gruber, 167 N. Y. S. 42; Rasmussen v. Rasmussen, 278 App. Div. 670; Passera v. Passera, 276 App. Div. 852; Axelrod v. Axelrod, 2 Misc 2d 79.)
Accordingly, the motion to dismiss the complaint is denied but paragraph 4 is ordered stricken.
Prepare and submit order.