■ James J. Hill et al., Respondents, v. Joseph Hayes et al., Defendants, and Time, Inc., Appellant.— Order entered on September 13, 1960, denying defendant's motion for summary judgment, unanimously affirmed, with $20 costs and disbursements to respondents. Triable issues of fact are presented that prevent the granting of summary judgment to either party. This court does not adopt the factual and legal conclusions reached by Special Term as to defendant's conduct. It suffices that there are issues of fact concerning such conduct. Concur — Botein, P. J., Breitel, Rabin, Valente and Bastow, JJ.

■ In the Matter of Michaline Trepeta, Respondent, v. Robert Trepeta, Appellant.— Orders, entered on January 10, 1961 and January 30, 1961, respectively, affirmed, without costs, with leave to appellant to apply for a new hearing for the purpose of the court's reassessing the responsibility of the other son and reviewing the present economic status of appellant. Concur — Breitel, J. P., Valente and Steuer, JJ.; Stevens and Bastow, JJ., dissent in part and vote to modify by reducing the allowance to $25 semi-monthly.

■ Maria Kurcz, Appellant, v. Rudolf Kurcz, Respondent.— Order, entered on April 11, 1961, denying plaintiff's motion to dismiss a counterclaim pursuant to rule 280 of the Rules of Civil Practice, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs, with leave to defendant to serve an amended pleading which shall conform to the requirements of rule 280 within 20 days after service upon him of a copy of the order entered herein, with notice of entry. Under rule 280 a cause of action for separation must specify particularly the nature and circumstances of the alleged misconduct " and set forth the time and place of each act complained of with reasonable certainty". The counterclaim herein does not meet the requirements of rule 280 either as to the specificity of the nature of the alleged misconduct nor as to the time and place of each of the acts complained of (*Harmen* v. *Harmen*, 12 A D 2d 784; *Harten* v. *Harten*, 259 App. Div. 519; *Seligmann* v. *Seligmann*, 255 App. Div. 277). Amplification by a bill of particulars, as suggested by Special Term, is not the appropriate remedy, for such procedure would tend to nullify the mandate of rule 280 that the pleading specify the particulars. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bastow, JJ.

■ In the Matter of 165 Broadway Building, Inc., Appellant, v. Tax Commission of the City of New York, Respondent.— Final order entered on November 3, 1960, fixing real property assessments, unanimously modified, on the law and on the facts, with $20 costs and disbursements to appellant, so as to fix the values for the premises designated as 165/169/171 Broadway, Manhattan, as follows: For the tax years 1958–59, 1959–60 and 1960–61 — Land $5,000,000, Building $4,000,000, Total $9,000,000. As so modified the order is affirmed. The values fixed by Special Term for the tax years in question are not justified on this record. Settle order on notice. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.