(May 20, 1966)

■ F. Marshall Tobin, Jr., Appellant-Respondent, v. Joyce F. Tobin, Respondent-Appellant.— Judgment modified on the law and facts by striking therefrom the second ordering paragraph and by dismissing defendant's first, second and third " counterclaims and affirmative defenses ", and as modified the judgment, together with the order, is affirmed, without costs of these appeals to either party. Findings of fact disapproved and reversed and new findings and conclusion of law made. Memorandum: The allegations of defendant's first, second, and third counterclaims were not established. Under the circumstances, the institution and conduct of an action for divorce by the plaintiff against defendant did not constitute cruel and inhuman treatment nor may it be said that such actions were malicious (*Kennedy* v. *Kennedy*, 73 N. Y. 369). The acts of the plaintiff prior to his declaration of incompetency on June 22, 1962 do not entitle defendant to a separation. It is true that his actions were unusual and under other circumstances might have been found to be cruel and inhuman, but they were so clearly the acts of an irrational person that it cannot be said that they were deliberately and thoughtfully committed. Undoubtedly the plaintiff was insane at the time. Shortly thereafter he was declared to be incompetent. Ordinarily the burden of proving insanity as a defense would be upon this plaintiff, but the acts were so obviously those of an incompetent and unbalanced person that we see no need to invoke the doctrine that this defense is waived unless it is set up. There was no wantonness or willfullness (*Rebstock* v. *Rebstock*, 144 N. Y. S. 289). After the plaintiff was declared competent he made no effort to rejoin his wife and family. This is understandable and excusable under the circumstances. However, during this period the defendant and their children were being amply and adequately supported by the plaintiff. Abandonment has not been established. All concur, except Goldman and Henry, JJ., who dissent only as to that part of the judgment which denies a divorce and vote for a new trial as to that issue on the ground that the verdict of the jury is against the weight of the credible evidence. (Appeal by plaintiff from certain parts of a judgment of Monroe Trial Term dismissing the complaint in action for divorce, granting defendant a separation and permanent alimony; cross appeal by defendant from certain parts of the judgment as to permanent alimony and support; and appeal from order of Monroe Special Term denying defendant's motion to resettle the judgment.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.