■ STEVEN J. LERNER, Respondent, v ANNE LERNER, Appellant.—Appeal from so much of an order of Supreme Court at Special Term, entered March 10, 1978 in Sullivan County, which denied defendant's motion to dismiss the complaint. This is an action for divorce on the grounds of cruel and inhuman treatment. The defendant's motion to dismiss the complaint is based upon the alleged failure of the plaintiff to specifically plead in his complaint the time, place, and circumstances of the alleged misconduct to permit the defendant to properly prepare a defense (CPLR 3016, subd [c]). The first cause of action in plaintiff's amended complaint for the divorce contains 30 separate paragraphs. In paragraphs 12, 13, 15, 17, 18, 20, 21 and 23, plaintiff alleges acts of misconduct using language such as "on or about the first week of August 1977 and various and sundry occasions", or such as "on or about and during April of 1977". The allegations of cruel and inhuman treatment relate to a general course of conduct in which plaintiff sets out the particular acts relied on, and the approximate dates of the several occurrences. Although the exact dates are not furnished, the allegations sufficiently apprise defendant of the misconduct she will be called upon to meet at trial *(Maas v Maas,* 5 Misc 2d 840; *Blessing v Blessing,* 21 Misc 2d 58; *Schieman v Schieman,* 14 Misc 2d 973). The purpose of CPLR 3016 is to enable the defendant to properly prepare a defense, and to guard against surprise at the trial. With the acts alleged as they are, the defendant here is sufficiently apprised of them to make her defense without difficulty. The complaint must be viewed as a whole, and each paragraph regarded in its context with the entire cause of action. Order affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Larkin, JJ., concur.