■ CASIMIR PAJAK, Respondent, v MARLENE PAJAK, Appellant. — Judgment affirmed, without costs. Memorandum: In this action for divorce brought by plaintiff on the grounds of cruel and inhuman treatment, defendant sought to interpose the defense of her mental illness, she having been diagnosed as paranoid schizophrenic. She argues that cruel and inhuman treatment under subdivision (1) of section 170 of the Domestic Relations Law must be intentional and that her mental illness rendered her incapable of forming the required intent. The court found that while mental illness by itself would not constitute cruel and inhuman treatment an attempt to explain or excuse conduct otherwise evincing actionable cruelty because of alleged mental illness is unavailing in an action for divorce. We agree. In affirming the determination of the trial court, we overrule our earlier decision in *Tobin v Tobin* (25 AD2d 948) insofar as it might have application to the instant case. In *Tobin,* we denied defendant a separation based upon cruel and inhuman treatment as alleged in her counterclaim, finding that while plaintiff's "actions were unusual and under other circumstances might have been found to be cruel and inhuman * * * they were so clearly the acts of an irrational person that it cannot be said that they were deliberately and thoughtfully committed" (*Tobin v Tobin, supra*). There is no statutory defense to an action for divorce based upon defendant's cruel and inhuman treatment (*Biamonte v Biamonte,* 57 AD2d 1052). Implicit in a finding that mental illness negates the necessary intent to act in a cruel and inhuman manner adds a dimension to the statute which simply does not exist. Subdivision (1) of section 170 of the Domestic Relations Law, in straightforward language, requires that for conduct to be actionable, it must endanger the physical or mental well-being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the

defendant. Thus the statutory test is the effect of the conduct upon plaintiff, the only caveat being that the misconduct complained of must be more than incompatibility and that serious misconduct be distinguished from trivial (*Hessen v Hessen,* 33 NY2d 406, 410). The burden of proving this remains with the plaintiff. Were we to adopt defendant's argument, an additional burden would be placed upon plaintiffs in all cases, that of proving intent, there being no affirmative defenses to cruel and inhuman treatment. There is nothing in the statute to indicate that the Legislature intended such a requirement and the courts should not interpose a test clearly lacking in the statute. All concur, except Dillon, P. J., and Schnepp, J., who dissent and vote to reverse and dismiss the complaint, in the following memorandum.

Dillon, P. J., and Schnepp, J. (dissenting). We reject the majority's construction of subdivision (1) of section 170 of the Domestic Relations Law. To limit "the statutory test" to "the effect of the conduct upon plaintiff" is to permit the grant of a divorce for reasons unrelated to acts of cruelty or inhumanity. By its language, the statute establishes not one test, but two, and it is only the second which is concerned with the impact upon plaintiff of defendant's conduct. What is first required is a showing that defendant's conduct was "cruel and inhuman". This is "strong terminology" and requires a showing of "serious misconduct" (*Hessen v Hessen,* 33 NY2d 406). One wholly innocent of wrongdoing or impropriety is not to be held culpable under the statute. This court said as much in *Tobin v Tobin* (25 AD2d 948) and we would continue to hold that acts of an irrational or insane person will not provide a predicate for a finding of cruel and inhuman treatment. The parties were married in 1964 and it was not until the summer of 1978, according to plaintiff, that defendant began to act strangely. Her condition deteriorated and she was hospitalized for treatment of mental illness in 1979 and again in 1980. It would serve no purpose to recount here the acts and delusions of defendant about which plaintiff complains. As in *Tobin,* we would conclude on this record that defendant's conduct was so bizarre and unusual that her acts were clearly those of an irrational person. Indeed, no claim is made to the contrary. Accordingly, we would reverse the judgment and dismiss the complaint. (Appeal from judgment of Erie Supreme Court, Dugan, J. — divorce.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Schnepp, JJ.