■ JOHN P. KENNEDY, Respondent, v JOAN A. KENNEDY, Appellant. — Order unanimously reversed, with costs, motion granted, and complaint dismissed. Memorandum: Defendant wife appeals from Special Term's denial of her motion to dismiss plaintiff's divorce complaint for failure to state a cause of action. The complaint, which alleges that defendant refused to accept employment as a legal secretary, that she gained weight, that she was lax in disciplining the parties' children (all of whom have reached majority) and that the parties on occasion do not speak to each other for days at a time fails to set forth acts of cruel and inhuman treatment by defendant which so endanger plaintiff's physical and mental well-being as to make continued cohabitation unsafe or improper (Domestic Relations Law, § 170, subd [1]). While it is true, as plaintiff points out, that under the new Equitable Distribution Law (Domestic Relations Law, § 236, part B), a finding of fault on the part of defendant would not preclude her from receiving maintenance, thereby undercutting to some degree the rationale of *Hessen v Hessen* (33 NY2d 406), this does not excuse plaintiff from pleading the statutorily mandated elements of cruel and inhuman treatment (Domestic Relations Law, § 170, subd [1]). We have previously held that a judgment of divorce is not permitted in New York simply because the marriage is "dead" or because " 'no useful purpose will be served by perpetuating [the] marriage' " (*Warguleski v Warguleski,* 79 AD2d 1107). Plaintiff must establish a "course of conduct" (*Filippi v Filippi,* 53 AD2d 658) which actually endangers his physical or mental health (*Gemayel v Gemayel,* 63 AD2d 831). (Appeal from order of Supreme Court, Erie County, Broughton, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.