■ BOBBI C. BUCKLEY, Respondent, v JESSE R. BUCKLEY, Appellant. — Judgment unanimously reversed, without costs, and complaint dismissed. Memorandum: Defendant husband appeals from a judgment of separation granted on the ground of cruel and inhuman treatment (Domestic Relations Law, § 200, subd 1). After a bench trial the court found defendant to be "opinionated" and "domineering," and concluded that, although "this is a marginal case", defendant's conduct renders cohabitation " 'unsafe and improper' " and a "threat to plaintiff's mental well-being." The measure of proof to sustain a judicial separation on the ground of cruel and inhuman treatment is no less than that required for a divorce (see 16 NY Jur [rev ed], Domestic Relations, § 725, p

290). Plaintiff must establish a " 'course of conduct' " which actually endangers her physical or mental health (*Kennedy v Kennedy,* 91 AD2d 1200). Mere incompatibility of temperament rendering it impossible to live in harmony does not constitute cruel and inhuman treatment "unless such conduct not only causes annoyance and discomfort but can be said to * * * endanger the life or health of the other party" (1 Foster-Freed, Law and the Family [rev ed], § 14.10; see, also, *Hessen v Hessen,* 33 NY2d 406, 410; *Passantino v Passantino,* 87 AD2d 973; *Pajak v Pajak,* 85 AD2d 923, 924, affd 56 NY2d 394; *Gemayel v Gemayel,* 63 AD2d 831; 19 Carmody-Wait 2d, NY Prac, § 117.90). Applying these principles to this case, it is clear that the trial court erred in granting plaintiff a judgment of separation on the ground of cruel and inhuman treatment. This is a mature marriage of 12 years which has resulted in the birth of two children. The record establishes, at best, strained, unpleasant relations and incompatibility. It does not support plaintiff's conclusory allegation that defendant has caused her to become physically and mentally ill. Plaintiff's "feeling" that her inordinate weight gain and high blood pressure are the result of defendant's actions is hardly proof of this claim, and no expert medical testimony was introduced to establish that her health has been adversely affected by defendant's conduct (see *Orloff v Orloff,* 49 AD2d 975). Contrary to the finding of the trial court, a separation should not be granted merely because there may be "no point in maintaining the present relationship against plaintiff's will" (see *Hessen v Hessen, supra; Kennedy v Kennedy, supra*). Furthermore, it is noted that in awarding sole custody of the children to plaintiff, the court relied in part on its finding that defendant acted in a cruel and inhuman manner. No real inquiry was directed to the best interests of the children and the court made no attempt to justify its award of custody on that basis. (Appeal from judgment of Supreme Court, Oneida County, Hayes, J. — separation.) Present — Dillon, P. J., Doerr, Boomer, Moule and Schnepp, JJ.