■ ROBERT C. PFEIL, Appellant, v PHYLLIS C. PFEIL, Respondent. — Order unanimously reversed, without costs, and motion denied. Memorandum: The allegations in plaintiff's complaint are sufficient to state a cause of action for divorce or separation on the ground of cruel and inhuman treatment and are distinguishable from those in *Kennedy v Kennedy* (91 AD2d 1200), which were dismissed for insufficiency. In affirming dismissal of the complaint in *Kennedy,* we noted that the conduct complained of did not constitute acts of cruel and inhuman treatment endangering plaintiff's physical or mental well-being. Here, in contrast, the complaint alleges that defendant constantly initiates violent and vicious arguments and subjects him to "ranting, raving, vile language and threats"; that she throws household items about; that she drinks to excess at times and then becomes particularly argumentative; that she has refused to communicate with plaintiff for over five years and has refused to have sexual relations with him for the past five years. ¶ Whereas it is true that mere marital disharmony and incompatibility are insufficient to establish grounds for divorce (see *Hessen v Hessen,* 33 NY2d 406; *Buckley v Buckley,* 93 AD2d 973), the acts here complained of constitute a "course of conduct" (*Filippi v Filippi,* 53 AD2d 658) which, if proven at trial, could be determined to endanger plaintiff's physical and mental well-being so as to make continued cohabitation unsafe or improper (Domestic Relations Law, § 170, subd [1]). ¶ Defendant argues further that the complaint should be dismissed because of plaintiff's failure to set forth the dates, places and times of her alleged misconduct. The allegations in a complaint for separation or divorce must be pleaded with specificity in order to advise a defendant of the conduct of which he is accused (CPLR 3016, subd [c]). That section, however, should be flexibly construed so as not to preclude a meritorious action (see Siegel, NY Prac, § 216). Plaintiff alleges a continuous course of conduct over a period of years particularly stating the acts of which he complains. Although exact dates are missing, the allegations are sufficient to apprise defendant of the accusations against her and to enable her to prepare a defense. (Appeal from order of Supreme Court, Erie County, Wolf, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Moule, JJ.