■ Laura Kapchan, Appellant-Respondent, v Paul Kapchan, Respondent-Appellant. — In a matrimonial action, plaintiff appeals from so much of an order of the Supreme Court,

Queens County (Dunkin, J.), dated November 23, 1983, as granted that branch of defendant's motion which sought dismissal of the first cause of action of a second amended complaint for a divorce on the ground of cruel and inhuman treatment, and denied plaintiff's cross motion for a money judgment for arrears in support, and defendant purportedly cross-appeals from so much of that order as denied that branch of his motion which sought dismissal of the second cause of action for necessaries.

Cross appeal dismissed.

Order reversed insofar as appealed from by the plaintiff, that branch of defendant's motion which sought dismissal of the first cause of action for divorce denied, and matter remitted to the Supreme Court, Queens County, for a hearing and determination as to the amount of arrears in support.

Plaintiff is awarded one bill of costs.

Defendant failed to perfect his cross appeal in compliance with the provisions of 22 NYCRR 670.8. A respondent may not perfect a cross appeal by submitting only the notice of cross appeal in his brief and using the record furnished by the appellant, absent the consent of the appellant (*Cooper v Bosse*, 85 AD2d 616).

On a prior appeal, this court determined that the cause of action for divorce on the basis of cruel and inhuman treatment was not sufficiently pleaded in the first amended complaint because the plaintiff's allegations of misconduct which begin with the phrase " '[t]hroughout the period of the marriage' " did not comply with the pleading requirements of CPLR 3016 (subd [c]) (*Kapchan v Kapchan*, 93 AD2d 880). Subsequently, a second amended complaint described certain conduct as occurring "[o]n two occasions in 1978", "[i]n the Spring of 1976", and "[i]n the period from Spring 1979 and continuing until October 1980". Under the circumstances, these allegations sufficiently apprised defendant of the accusations against him as to enable him to prepare a defense (*Pfeil v Pfeil*, 100 AD2d 725; *Lerner v Lerner*, 65 AD2d 889; *Blessing v Blessing*, 21 Misc 2d 58). A more literal reading of CPLR 3016 (subd [c]) could frustrate the ability of matrimonial litigants from presenting their claims, since it is unrealistic to expect them to have a precise recollection of the dates of all acts of misconduct (Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, C211:4, 1983-1984 Pocket Part, p 145).

As a result of our determination on this appeal and our order on a prior appeal, granting leave to replead, the action is restored to the position it occupied prior to Special Term's

original dismissal (see *Jacques v Sears, Roebuck & Co.,* 30 NY2d 466; *Hammond v Hammond,* 257 App Div 1041) and plaintiff may enforce the temporary order of support and obtain a judgment for any arrears (cf. *Polizotti v Polizotti,* 305 NY 176). An order which dismisses with leave to replead does not result in an outright dismissal until a judgment of dismissal is entered upon proof that time to replead has expired (see CPLR 5611; Cohen and Karger, Powers of the Court of Appeals, § 14; Scheinkman, The Civil Jurisdiction of the New York Court of Appeals: The Rule and Role of Finality, 54 St John's L Rev 443, 462; see, also, *Valentino v Valentino,* 74 AD2d 826). Although the complaint was not sufficiently pleaded at the time of our prior order, the action was never dismissed outright, and arrears for temporary support continued to accrue as if the action were commenced by a summons without a complaint (see *Loretta B. v Gerard B.,* 30 AD2d 347). Titone, J. P., Lazer, Mangano and O'Connor, JJ., concur.