■ WENDY L. McCANN, Appellant, v FRANCIS E. McCANN et al., Respondents. (Appeal No. 1.)

Defendant did not sustain his burden of proof on his counterclaim for divorce on the ground of cruel and inhuman treatment. The trial court concluded that plaintiff's conduct endangered the physical and mental well-being of defendant "by psychologically damaging him and failing to treat him as a husband and

father and failed to make a home for husband and children, putting him down constantly, not consulting with him on economic or other family matters." This is insufficient to sustain defendant's counterclaim for divorce. The statutory provision establishing cruel and inhuman treatment as a ground for divorce does not authorize dissolution of a marriage for irreconcilable differences or incompatibility (see, Hessen v Hessen, 33 NY2d 406, 410; Kennedy v Kennedy, 91 AD2d 1200; Passantino v Passantino, 87 AD2d 973; Warguleski v Warguleski, 79 AD2d 1107; Filippi v Filippi, 53 AD2d 658, 659; cf. Brady v Brady, 64 NY2d 339).

The trial court also erred in dismissing plaintiff's cause of action to impose a constructive trust without first receiving the testimony of Milton Friedman, an attorney who plaintiff alleged represented only her and the defendant but not defendant's father with respect to the purchase of the marital residence. The court's finding that Friedman represented the father and could not testify without violating the attorney-client privilege is not supported by the record. Friedman's statement that he represented the "purchasers" of the marital residence is insufficient to establish the existence of an attorney-client relationship between Friedman and defendant's father because it does not demonstrate that the father contacted Friedman for the purpose of obtaining legal advice or services (see, CPLR 4503 [a]; Matter of Priest v Hennessy, 51 NY2d 62, 68-69). Even assuming that an attorney-client relationship existed, there was no showing that the communications between defendant's father and Friedman were made in confidence since both the plaintiff and defendant were present during the meetings in Friedman's office (see, Hurlburt v Hurlburt, 128 NY 420, 424; Finn v Morgan, 46 AD2d 229, 234-235). The erroneous exclusion of Friedman's testimony cannot be deemed harmless. Defendant's father claims that he and the defendant purchased the marital residence as an investment; plaintiff claims that she was led to believe that she and her husband owned the house and that defendant's father merely accommodated her and defendant by loaning them the money for a down payment. According to plaintiff's offer of proof, Friedman could shed light on this issue. We note also that the trial court made no specific findings whether plaintiff established each of the four elements necessary to establish a constructive trust (see, Sharp v Kosmalski, 40 NY2d 119, 121). On remand, the court should so find.

We disagree in part with the trial court's equitable distribution of the marital property. The present value of the Corvette automobile was not established, nor was the date the parties

acquired the Honda motorcycle, and there was no proof in the record to sustain the court's disposition of the items of personalty contained in exhibit "A". While there may have been extensive off-the-record negotiations regarding these and other issues, the present record makes intelligent judicial review impossible. Accordingly, we must remit for further proof, new findings and equitable distribution of the marital property in accordance with the statutory criteria (*see,* Domestic Relations Law § 236 [B] [5] [d]; *Parsons v Parsons,* 101 AD2d 1017, 1018; *Hornbeck v Hornbeck,* 99 AD2d 851).

The record does not support the court's order that the proceeds plaintiff received in settlement of an insurance claim must be paid to defendant's father for use to repair the marital residence. The proceeds represented reimbursement for damage caused (by defendant) to plaintiff's waterbed and various items in her bedroom and the court gave no rationale why those proceeds should be applied toward structural repairs to the house.

The lower court's award of child support and its denial of plaintiff's claim for arrearages are not supported by the record. There was no evidence concerning what sums are needed to support the three children of the marriage. On remand, the court should make specific findings concerning the children's standard of living had the marriage not been dissolved and the nonmonetary contributions each parent will make toward the care and well-being of the children (*see,* Domestic Relations Law § 236 [B] [7]). Moreover, there is insufficient evidence in the record to determine the extent of plaintiff's claim for arrearages, if any, or the extent to which this claim should be offset by moneys plaintiff admittedly withdrew from joint accounts or moneys she actually received as support from defendant.

Lastly, we cannot say that the trial court abused its discretion by making each party responsible for his respective counsel fees (*see, Sementilli v Sementilli,* 102 AD2d 78; *Lebensfeld v Lebensfeld,* 72 AD2d 790, 791), or by providing that the $1,000 in counsel fees previously awarded must be paid from the proceeds of the sale of the marital residence (*see,* Domestic Relations Law § 244; *Sementilli v Sementilli,* 102 AD2d 78, 85, *supra; cf.* CPLR 2222).

Accordingly, the grant of divorce to the defendant on his counterclaim must be reversed. The case is remitted to the trial court for further proof and findings on plaintiff's cause of action to impose a constructive trust on the marital residence, equitable distribution of the marital property (including the stock option plan as well as the stenographic equipment), child support, and plaintiff's claim for arrearages in accordance with this

memorandum and otherwise the judgment entered March 23, 1984 is affirmed. (Appeal from judgment of Supreme Court, Erie County, Fudeman, J. — dismiss cause of action.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.