■ DIANE L. FALCONE, Respondent-Appellant, v JAMES R. FALCONE, Appellant-Respondent.—Judgment unanimously modified, on the law and facts, and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Oneida County, for further proceedings, in accordance with the following memorandum: Plaintiff appeals from the trial court's dismissal of her causes of action for divorce based upon cruel and inhuman treatment and adultery. Defendant appeals from the trial court's award of $150 per week maintenance and $200 per week child support. Both parties appeal from the court's award to plaintiff of $1,000 counsel fees; defendant argues that the amount was excessive and plaintiff argues that it was inadequate.

Although we agree with the trial court that the record does not establish defendant's adultery, we disagree that the proof did not establish defendant's cruel and inhuman treatment of the plaintiff. Plaintiff established that defendant beat her for smoking cigarettes, threatened her with a knife, threatening to kill her when the divorce proceeding was over, carried on an open affair with another woman, refused to engage in sexual relations with the plaintiff, and in the presence of their daughter falsely accused plaintiff of sleeping with another

man, all of which caused plaintiff to become nervous and upset. We thus find that plaintiff has established a course of cruel and inhuman conduct which strikes at the heart of the marital relationship and renders it unsafe and improper for the parties to continue to cohabit (*Bulger v Bulger,* 88 AD2d 895; *Stauble v Stauble,* 72 AD2d 581; *cf. Buckley v Buckley,* 93 AD2d 973; *Kennedy v Kennedy,* 91 AD2d 1200). *Brady v Brady* (64 NY2d 339) is distinguishable because plaintiff's proof established more than mere incompatibility or irreconcilable differences (*see also, Hessen v Hessen,* 33 NY2d 406), and here, unlike in *Brady,* both parties sued for divorce.

The trial court's award of maintenance and child support constituted an abuse of discretion. The record is unclear exactly how much money defendant had available. The court only considered defendant's gross income for 1982 and did not indicate which, if any, of defendant's substantial debts it found to be invalid. The court also failed to consider plaintiff's income (*see,* Domestic Relations Law § 236 [B] [6] [a] [1]) or the income of the children in determining the amount of child support (*see,* Domestic Relations Law § 236 [B] [7] [a] [1]) and there was no evidence as to the amount of money necessary to support the two infant children of the marriage (*see, McCann v McCann,* 110 AD2d 1069).

The trial court also erred in awarding plaintiff counsel fees without obtaining an affidavit from plaintiff's counsel. Without such proof the court could not determine the nature or quantity of the legal services rendered (*see, Silver v Silver,* 63 AD2d 1017). Moreover, plaintiff did not submit a financial affidavit and it is not clear from the record what, if anything, she is capable of contributing toward her own counsel fees.

Accordingly, the judgment is modified by granting the plaintiff a divorce on the ground of cruel and inhuman treatment and remitting the matter for the court to determine the issues of maintenance, child support and counsel fees as well as the equitable distribution of the marital property, and otherwise the judgment is affirmed. (Appeals from judgment of Supreme Court, Oneida County, Sullivan, J.—divorce.) Present—Dillon, P. J., Hancock, Jr., Denman, Green and Pine, JJ.