■ HARRY G. KLEINDINST, Respondent, v NORMA J. KLEINDINST, Appellant.—Judgment unanimously reversed, on the law, with costs, and complaint dismissed. Memorandum: The trial court granted plaintiff a divorce on the ground of cruel and inhuman treatment (Domestic Relations Law § 170 [1]). While such a determination will not lightly be overturned on appeal *(see, Forcucci v Forcucci,* 96 AD2d 751), there must be a reversal here because the evidence in support of plaintiff's cause of action was insufficient as a matter of law.

A plaintiff seeking a divorce under the cruel and inhuman treatment subdivision must show serious misconduct on the part of defendant, and not mere incompatibility of the parties *(Hessen v Hessen,* 33 NY2d 406). Ordinarily what is required is a showing of a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper *(Buckley v Buckley,* 93 AD2d 973). Proof that defendant is uncooperative and argumentative *(see, Gemayel v Gemayel,* 63 AD2d 831), or that relations between the parties have been strained and unpleasant *(see, Orloff v Orloff,* 49 AD2d 975) is insufficient unless it is shown that such conduct adversely affected plaintiff's physical or mental health. Consideration must also be given to the length of the marriage *(Brady v Brady,* 64 NY2d 339; *Hessen v Hessen, supra).* Thus, in a marriage of

long duration, a higher degree of proof is required to establish cruel and inhuman treatment *(see, e.g., Passantino v Passantino,* 87 AD2d 973; *Anderson v Anderson,* 58 AD2d 679).

Applying these principles to this 30-year marriage which produced four children, all emancipated, it is clear that the court erred in granting the divorce on the ground of cruel and inhuman treatment. This was a brief trial at which only plaintiff and defendant testified. The proof established nothing more than relatively minor unpleasant incidents which occurred periodically during the marriage, demonstrating, at most, strained relations between the parties. No evidence was offered which would support a finding that defendant engaged in conduct which was harmful to the physical or mental health of plaintiff and which made cohabitation unsafe or improper. Plaintiff failed to show that defendant's conduct caused the weight loss of 30 pounds which he said he suffered in 1979. It is as likely, on the proof submitted, that his loss of weight was attributable to an infection which required his hospitalization during that same period of time. In any event, plaintiff offered no medical proof to establish that his health was adversely affected by defendant's conduct *(see, Buckley v Buckley,* 93 AD2d 973, *supra).* Finally, we note that the trial court made no finding of fault on the part of defendant *(see, Brady v Brady,* 64 NY2d 339, 343, *supra).* (Appeal from judgment of Supreme Court, Niagara County, Francis, J.—divorce.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.