It is axiomatic that in a malpractice action, expert testimony generally is necessary to enable the jury to determine the issue of negligence (see, e.g., Pipers v Rosenow, 39 AD2d 240). Viewing the record in its totality, we find that the verdict was against the weight of the evidence. Only the barest possible causal connection between the myelogram incident and Mrs. Hunter's alleged injuries was made out, in contrast to the very strong case presented by Dr. Szabo. Accordingly, the verdict cannot be permitted to stand, and the matter must be remitted for a new trial. Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.

■ I. S., Respondent, v R. S., Appellant.—In a matrimonial action, the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Palella, J.), entered October 16, 1984, as denied that branch of his motion which was to strike scandalous and prejudicial allegations in the complaint and failed to determine that branch of his motion which was to dismiss the third cause of action as time barred by the Statute of Limitations.

Appeal from so much of the order as denied that branch of the motion which was to strike scandalous and prejudicial matter dismissed as no appeal lies therefrom as a matter of right.

Order otherwise modified by adding a provision granting that branch of the defendant's motion which sought to dismiss the third cause of action as time barred to the extent that paragraph 12A of the complaint is dismissed. As so modified, order affirmed, insofar as reviewed.

The appellant is awarded one bill of costs.

In this matrimonial action, commenced on or about August 2, 1984, the defendant husband moved, inter alia, pursuant to CPLR 3211 (a) (5), to dismiss the third cause of action and paragraph 12A thereof set forth in the verified complaint upon the ground that certain allegations contained therein are barred by the Statute of Limitations. The plaintiff's complaint sets forth as one instance of cruel and inhuman treatment that, in 1974, the defendant disclosed to the plaintiff that he had contracted a venereal disease, to wit, herpes, and continued to be afflicted therewith.

Domestic Relations Law § 210 provides that no action for divorce may be maintained on a ground which arose more than five years before the date of the commencement of that action. Here, it is quite apparent that this alleged act of cruelty occurred considerably more than five years prior to

the commencement of the action for divorce. Therefore, that portion of the plaintiff's complaint should have been dismissed as time barred under the Statute of Limitations set forth in Domestic Relations Law § 210.

Lastly, to the extent that Special Term denied that branch of the defendant's motion which was to strike scandalous and prejudicial matter (CPLR 3024 [b]), leave to appeal therefrom was required pursuant to CPLR 5701 (b) (3). Inasmuch as such permission was never sought, the appeal from that portion of the order is dismissed (see, Tudor v Riposanu, 93 AD2d 718). Lazer, J. P., Gibbons, Eiber and Kunzeman, JJ., concur.

■ ASCHER KATZ et al., Respondents, v KNOESEL SERVICE CENTER, INC., et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Meehan, J.), entered April 10, 1985, which denied their motion to dismiss the action and sua sponte directed them to accept the untimely service of the complaint and to serve an answer within 20 days after service upon them of a copy of the order appealed from, with notice of entry.

Order modified, as a matter of discretion, by adding thereto a provision directing the plaintiffs' attorneys to personally pay the defendants $500. As so modified, order affirmed, without costs or disbursements. Plaintiffs' attorneys' time to pay $500 is extended to 15 days after service upon them of a copy of the order to be made hereon, with notice of entry.

Inasmuch as this is not a case of neglect or abandonment but, rather, a situation wherein the plaintiffs' good-faith efforts to pursue settlement negotiations with the defendants' insurance carrier constituted a reasonable excuse for the delay in serving the complaint, Special Term did not abuse its discretion in denying the defendants' application (see, Temkin v New York Prop. Ins. Underwriters Assn., 92 AD2d 758). Where, as here, the action appears to have some merit, the delay in the service of the complaint was neither inordinately protracted nor willful and the defendants have not been prejudiced thereby, the plaintiffs should not be deprived of their day in court (see, Gordon v Shore Park Pharmacy, 70 AD2d 651). However, in view of the dilatoriness of plaintiffs' attorneys and their failure to move pursuant to CPLR 3012 (d) for an extension of time in which to serve the complaint, we have fixed an appropriate sanction. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.

■ SUSAN KELLY, Appellant, v CITY OF NEW YORK, Respon-