■ BEVERLY STAGLIANO, Respondent, v JOSEPH STAGLIANO, Appellant.—Judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: The evi-

dence was insufficient as a matter of law to support a cause of action for divorce on the ground of cruel and inhuman treatment.

The parties were married in 1960, and at the time of trial their four children were emancipated. Plaintiff testified that defendant did not speak to her for days at a time; that the marriage lacked sexual intimacy; that defendant ridiculed her in the presence of others; that he refused marital counseling; and that as a result she suffered from high blood pressure, nervousness and heart problems. She offered no medical proof, however, to support her claim that defendant's conduct endangered her physical or mental health; she acknowledged that the absence of sexual intimacy was a "combination of both" his choice and hers; and she agreed that defendant did not physically abuse her. Defendant denied the allegations of fault, and offered explanations for his silence and the lack of sexual contact.

A divorce will be granted on the ground of cruel and inhuman treatment when the proof establishes "that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). A plaintiff seeking a divorce on this ground must show serious misconduct on the part of defendant, and not mere incompatibility of the parties (Hessen v Hessen, 33 NY2d 406, 410; Kleindinst v Kleindinst, 116 AD2d 988). Additionally, in a marriage of long duration, a higher degree of proof is required to establish cruel and inhuman treatment (Brady v Brady, 64 NY2d 339; Hessen v Hessen, supra).

Here, the record establishes only that relations between the parties have been strained and unpleasant. Such a showing cannot support a cause of action for divorce on the ground of cruel and inhuman treatment (see, Green v Green, 127 AD2d 983). (Appeal from judgment of Supreme Court, Herkimer County, Sullivan, J.—divorce.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.