■ ROBERT WEIS, Respondent, v MARGARET WEIS, Appellant. —Order unanimously reversed on the law without costs, defendant's motion granted, and plaintiff's cross motion denied. Memorandum: The court erred in denying defendant's motion to dismiss the complaint and granting plaintiff's cross motion for an order compelling acceptance of the untimely served verified complaint. The parties were married on July 12, 1962. On June 3, 1987 plaintiff served a summons and notice for divorce premised on the ground of cruel and inhuman treatment. A demand for a complaint was served by defendant on June 12, 1987. By motion returnable on October 5, 1987, defendant moved to dismiss the action for failure to serve a complaint (CPLR 3012 [b]). In response to the motion, plaintiff essentially argued law office failure and requested an extension of time to serve the pleading. On September 29, 1987 plaintiff served a verified complaint which was returned by defendant's counsel as untimely. Plaintiff then cross-moved,

seeking an order directing acceptance of the complaint (CPLR 3012 [d]).

A party seeking an extension of time to serve a pleading under CPLR 3012 (d) is statutorily required to show reasonable excuse for the delay or default but has no obligation to demonstrate merit *(see, Ching v Ching,* 125 AD2d 934). The Court of Appeals has made it clear, however, that "a party opposing a CPLR 3012 (b) motion to dismiss based upon law office failure is obligated to submit an affidavit of merit containing evidentiary facts sufficient to establish a prima facie case." *(Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904, 905, citing *Canter v Mulnick,* 60 NY2d 689.) Although plaintiff failed to submit such an affidavit, we may review his verified complaint as a substitute *(see,* CPLR 105 [t]).

It is well settled that a plaintiff seeking a divorce under the cruel and inhuman treatment subdivision must show serious misconduct on the part of defendant and not mere incompatibility or irreconcilable differences between the parties *(Hessen v Hessen,* 33 NY2d 406). "Ordinarily what is required is a showing of a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper *(Buckley v Buckley,* 93 AD2d 973)" *(Kleindinst v Kleindinst,* 116 AD2d 988; *accord, Stagliano v Stagliano,* 132 AD2d 975; *Green v Green,* 127 AD2d 983). Further, a higher degree of proof is required where the marriage is one of long duration *(Brady v Brady,* 64 NY2d 339; *Hessen v Hessen, supra).*

Here, the allegations of the complaint fail to show serious misconduct on the part of defendant and fail to demonstrate in evidentiary form that continued cohabitation would be "unsafe or improper" (Domestic Relations Law § 170 [1]). Accordingly, the motion to dismiss should have been granted because plaintiff failed to demonstrate merit *(Kel Mgt. Corp. v Rogers & Wells, supra).* It follows that plaintiff's cross motion to compel acceptance of service of the complaint must be denied. (Appeal from order of Supreme Court, Erie County, Ostrowski, J.,—dismiss action.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.