■ MARILYN MIGLIO, Respondent, v SALVATORE MIGLIO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered November 20, 1987, which denied his motion to strike certain paragraphs of the complaint.

Ordered that the order is modified, on the law, by granting the motion to the extent of striking the seventh, tenth, thirteenth and fifty-second paragraphs of the complaint, and by adding a provision granting the plaintiff leave to replead these paragraphs in conformity with the requirements of CPLR 3016 (c); as so modified, the order is affirmed, without costs or disbursements. The plaintiff's time to replead in accordance herewith is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry.

We find unpersuasive the defendant's contention that various paragraphs of the complaint should be stricken because they set forth alleged incidents of cruel and inhuman treatment which occurred more than five years prior to the com-

mencement of the instant action for divorce *(see,* Domestic Relations Law § 210). The challenged paragraphs refer to incidents which are alleged to be part of a continuing course and pattern of cruelty by the defendant and are accompanied by numerous related allegations of cruelty which fall within the five-year period immediately preceding the commencement of the plaintiff's action *(see, Albert v Albert,* 44 AD2d 895). While these alleged incidents which fall outside the five-year period of limitations may not be employed to satisfy the plaintiff's burden of proving cruel and inhuman treatment in this long-term marriage, they indicate an alleged increase in intensity and frequency of the defendant's purported misconduct during the five years prior to the action. Hence, they are relevant to an evaluation of the cause of action based upon cruel and inhuman treatment "in the context of the entire marriage" *(Brady v Brady,* 64 NY2d 339, 345). Accordingly, under the circumstances presented, we discern no error in the Supreme Court's denial of the defendant's motion to strike these allegations. Contrary to the defendant's present contention, we note that this case does not involve an isolated, and patently improper allegation of cruelty which is untimely *(see, I. S. v R. S.,* 117 AD2d 780).

Similarly unavailing is the defendant's claim that certain other paragraphs of the complaint should be stricken because they are superfluous and do not constitute cruel and inhuman treatment. These allegations, when construed liberally *(see,* CPLR 3026) and viewed in the context of the entire cause of action *(see, Lerner v Lerner,* 65 AD2d 889), provide highly relevant background information regarding the defendant's alleged acts of cruel and inhuman treatment and were appropriately included in the complaint.

However, we conclude that the seventh, tenth, thirteenth and fifty-second paragraphs of the complaint must be stricken, with leave to the plaintiff to replead, as they fail to adequately set forth the time and place of the instances of cruelty alleged therein as required by CPLR 3016 (c) *(see, Kapchan v Kapchan,* 93 AD2d 880; *cf., Kapchan v Kapchan,* 104 AD2d 358; *Lerner v Lerner, supra).* Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.