■ MARY T. McKILLIGAN, Respondent, v MICHAEL T. McKILLIGAN, SR., Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Fischer, J.), declaring plaintiff's entitlement to a divorce, entered July 27, 1988 in Broome County, upon a decision of the court, without a jury.

Plaintiff and defendant were married on August 20, 1960 and have six children, some of whom were emancipated as of the date of the commencement of this action. The parties were school teachers at the time of their marriage. Thereafter, defendant became the president and sole owner of a machin-

ery supply business known as McKilligan Industrial Supply, Inc. Plaintiff devoted herself to caring for the family, working for defendant's business and, at times, was employed as a part-time substitute teacher. As of the date of Supreme Court's decision, plaintiff was 49 and defendant was 50 years of age.

Plaintiff commenced this action for divorce based on cruel and inhuman treatment in June 1985 by service of a summons with notice and a complaint. Defendant served an answer in response denying the allegations of the complaint. A bifurcated trial was held in October 1987. Defendant's motion to dismiss the complaint for failure to state a cause of action was denied at trial. The complaint alleged that, over the prior five years, defendant (1) had absented himself from plaintiff and the children, consecutively and without interruption, six days a week, from 7:30 A.M. to 11:00 P.M., or later, and worked at home every Sunday, with the result that defendant completely removed himself from social intercourse with the family, (2) did not converse with plaintiff and directed her to write notes to him regarding family matters or the residence, (3) permitted the household heating and plumbing system to fall into disrepair, creating health hazards for the household members, (4) refused to talk about family finances or defendant's corporation, (5) showed no affection or caring toward plaintiff and had ended sexual contact with plaintiff about July 1983, (6) was cold, businesslike, unaffectionate and uncaring, causing the children to suffer emotionally and one of the children to develop severe migraine headaches, and (7) continued to perform the above-mentioned acts of cruelty and inhuman treatment to the present time, thereby causing plaintiff stress, anguish, embarrassment and humiliation, making it impossible and unsafe for plaintiff to continue to cohabitate with defendant in the marital home. At trial plaintiff produced evidence supporting the allegations of the complaint through the testimony of some of the children, herself, neighbors and friends who had visited the home, a plumbing and heating expert, and a licensed clinical psychologist. Defendant gave testimony on his behalf denying, contradicting and attempting to explain away plaintiff's allegations and/or evidence.

Supreme Court concluded in its decision that "[v]iewed in its entirety, the evidence in support of the plaintiff's allegations is clear and convincing, as a result of which the plaintiff is entitled to a divorce". The court also stated that, "[i]n substance, [defendant] so domineered and repressed the family

members, and [plaintiff] in particular, that upon [defendant's] return to the home in the evening—usually around 10 or 11 P.M.—[plaintiff] and [the] children would withdraw to their bedroom[s] and feign sleep to avoid any confrontation with [defendant]". The persuasiveness of plaintiff's proof is illustrated by Supreme Court's finding that the treating clinical psychologist's "conclusion that [plaintiff] suffered severe symptoms of anxiety disorder and depression resulting from the conduct of [defendant], appears almost superfluous in the light of the earlier observations of the other children of the fright and depression exhibited by [plaintiff] when confronted by [defendant] and the conditions he established for the conduct of the family". In its order Supreme Court provided that, although plaintiff was entitled to a divorce, no final judgment of divorce would be filed until such time as the issues of the equitable distribution and maintenance are determined. This appeal by defendant ensued.

There should be an affirmance. Defendant's first contention, that Supreme Court erred in determining that plaintiff was entitled to a divorce based on cruel and inhuman treatment, is rejected. Defendant's assertion, that plaintiff's proof consisted solely of general incompatibility, minimal disagreements and lack of communication amounting to "transient discord" *(Brady v Brady,* 64 NY2d 339, 344), and "at its worst is basically the plaintiff's unusual and neurotic reactions to her incompatibility to the marriage, most of which was of her own manufacture", is belied by the record. Plaintiff's claims of long-term cruelty and her testimony that she so feared defendant that she became physically and mentally debilitated were corroborated by the testimony of other family members, outsiders and a medical expert. The case at bar involves more than, as defendant argues, "transient discord" with little or no deleterious effect on plaintiff. Plaintiff established a prima facie case that it is unsafe and improper for her to continue to cohabit with defendant *(see, Hessen v Hessen,* 33 NY2d 406, 410; *Johnson v Johnson,* 43 AD2d 842, *affd* 36 NY2d 667; *Rios v Rios,* 34 AD2d 325, *affd* 29 NY2d 840). Here, a pattern of verbal abuse and physical intimidation which had debilitating and substantial effects upon plaintiff was clearly established *(see, Pfeil v Pfeil,* 100 AD2d 725; *Buckley v Buckley,* 93 AD2d 973; *Bulger v Bulger,* 88 AD2d 895).

We also find no merit to defendant's contention that Supreme Court committed reversible error by allowing plaintiff to go beyond the parameters of the pleadings to the prejudice of defendant. Where allegations of cruel and inhuman treat-

ment relate to a general course of conduct, approximate dates of occurrences are sufficient to apprise the defendant of his or her alleged misconduct when viewing the complaint as a whole, with each paragraph regarded in its context within the entire cause of action *(see, Lerner v Lerner,* 65 AD2d 889; *see also, Pfeil v Pfeil, supra)*. In this case Supreme Court allowed testimony as to incidents prior to the five-year Statute of Limitations (Domestic Relations Law § 210) and which were not specifically mentioned in the pleadings. However, this testimony was not beyond the parameters of the pleadings and did not prejudice defendant, as these were further instances of the humiliation, embarrassment, stress and anguish alleged by plaintiff and they established a continuing course of conduct which extended beyond the five-year Statute of Limitations *(see, Albert v Albert,* 44 AD2d 895).

Finally, we find unpersuasive defendant's argument that Supreme Court erred in allowing Dr. Vincent Monastra to give expert testimony without a proper foundation first being laid and without his opinion being based on reasonable certainty. Under CPLR 4515, an expert witness may give his or her opinion and reasons without first specifying the data upon which it is based. An expert may be required to specify such data or other supporting criteria on cross-examination *(see, Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410). Admissibility of expert testimony is left to the discretion of the trial court *(Werner v Sun Oil Co.,* 65 NY2d 839; *De Long v County of Erie,* 60 NY2d 296). Although a reasonable degree of certainty is the preferred standard, it is not the only language sufficient to establish the foundation for expert testimony where it is reasonably apparent that the expert signifies a probability supported by some rational basis *(see, Matott v Ward,* 48 NY2d 455; *see also, People v Bethune,* 105 AD2d 262; *Ulma v Yonkers Gen. Hosp.,* 53 AD2d 626). The record discloses that Monastra based his testimony upon his treatment of plaintiff over the course of 30 sessions, plaintiff's history of otherwise being free of psychological problems and treatment before her marriage, and her improvement after separation from defendant. Thus, there was no error in receiving such testimony.

Order affirmed, with costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.