■ NINA FABER, Appellant, v RONNY M. FABER, Respondent. —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Westchester County (Fredman, J.), entered August 24, 1989, as amended September 8, 1989, which, inter alia, (1) limited her award of temporary child support to $200 weekly and temporary maintenance to $200 weekly, until the week ending September 15, 1989, and thereafter limiting temporary child support to $75 weekly and temporary maintenance to $25 weekly, (2) declined to strike the defendant husband's counterclaims, (3) failed to strike the defendant's discovery demand, (4) directed each party to pay one half of the carrying charges of the marital home, (5) restrained the plaintiff from transferring, secreting, disposing of or alienating any savings or other assets except in the ordinary course of business, and (6) granted visitation to the defendant with the parties' child on Tuesday, Wednesday and Thursday from 6:00 A.M. to 7:00 A.M., Friday from 7:00 A.M. to 11:00 A.M., and Sunday from 8:00 A.M. to noon and 3:00 P.M. to 6:00 P.M.

Ordered that the order entered August 24, 1989, as amended September 8, 1989, is affirmed insofar as appealed from, with costs.

Initially, we note that the defendant's first counterclaim for a divorce on the ground of cruel and inhuman treatment was

properly pleaded. Not only were dates of each of the 18 separate acts alleged, but the acts complained of were of sufficient specificity so as to apprise the plaintiff of the nature of the allegations being asserted against her *(see, Kapchan v Kapchan,* 104 AD2d 358; *Pfeil v Pfeil,* 100 AD2d 725). Further, in light of the situation wherein both feuding parents reside together in the marital residence, we conclude that the visitation schedule which accommodated the plaintiff's desire to breastfeed the child and the defendant's need to spend time alone with the infant without the stress which appears to be rampant when the parties are together, was proper.

Addressing the claims relative to the award of pendente lite maintenance and child support, the record reveals that the parties have similar earning capacities. Both are in their mid-30's, and the plaintiff admits that she will earn at least $40,000 as a school librarian. The defendant is a wholesale liquor salesman with a high school diploma and his income appears to fluctuate between $52,000 and $56,000 per year. In light of the parties' ages, their earning capabilities and the brief duration of the marriage, we find that the court's pendente lite award of child support and maintenance was proper.

We have examined the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.