■ PAULA SMITH, Respondent, v KENT SMITH, Appellant. [613 NYS2d 866] —Judgment, Supreme Court, New York County (Helen Freedman, J.), entered May 11, 1993, which, after a jury trial, dissolved the marriage of the parties by reason of the cruel and inhuman treatment of the plaintiff by the defendant, unanimously affirmed, without costs.

A divorce will be granted on the ground of cruel and inhuman treatment when the proof at trial establishes "that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). The determination whether conduct constitutes cruel and inhuman treatment depends, "in part, on the length of the parties' marriage, because what might be considered substantial misconduct in the context of a marriage of short duration, might only be 'transient discord' in that of a long-term marriage" (Brady v Brady, 64 NY2d 339, 344, quoting Hessen v Hessen, 33 NY2d 406, 411). Here, plaintiff testified that defendant constantly denigrated her, calling her irrational and crazy, and frequently ignored her, which caused her to suffer from severe depression requiring psychological therapy. In addition, plaintiff testified that defendant had a bad temper and in one instance, he struck the plaintiff so that she fell to the floor. The plaintiff's testimony regarding defendant's cruelty, including the physical assault, and the effect defendant's persistent cruelty had on her, was corroborated by the parties' daughter. In addition, the husband's niece who spent much time in the marital residence corroborated much of plaintiff's testimony regarding defendant's cruelty. In our view, the foregoing proof sufficiently demonstrated more than mere incompatibility or occasional marital discord in a long-term marriage (see, Mc-Killigan v McKilligan, 156 AD2d 904) and was adequate to support the jury's determination that defendant's conduct toward plaintiff constituted cruel and inhuman treatment. Although defendant denied plaintiff's allegations and sought to portray plaintiff as an adulterous liar, the jury was certainly free to reject his testimony.

Furthermore, the court properly exercised its discretion in admitting allegations of prior abuse not specifically pleaded in the complaint and occurring prior to the five-year statutory period on the ground that these allegations provided a proper context for the jury's evaluation of plaintiff's claim that defendant engaged in a continuous course of abusive conduct *(supra,* at 906-907). Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.