■ ALICE C. HARARI, Respondent, v EMILE M. HARARI, Appellant. [651 NYS2d 123] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated October 12, 1995, which denied his motion to dismiss the plaintiff's first cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the plaintiff's first cause of action is dismissed, with leave to replead; and it is further,

Ordered that the plaintiff's time to replead is extended until 20 days after service upon her of a copy of this decision and order with notice of entry.

The plaintiff commenced the instant divorce action against the defendant, alleging, as a first cause of action, cruel and inhuman treatment. However, notwithstanding that she pleaded in general terms a "continuous course of * * * conduct" which, if proven, would entitle her to a divorce on the theory advanced (see, e.g., Smith v Smith, 206 AD2d 255, lv dismissed 84 NY2d 977; McKilligan v McKilligan, 156 AD2d 904; Kapchan v Kapchan, 104 AD2d 358; Pfeil v Pfeil, 100 AD2d 725; Lerner v Lerner, 65 AD2d 889), under the circumstances, we find that the plaintiff's first cause of action is insufficiently specific to meet the requirements of CPLR 3016 (c). Without further details, the defendant is not sufficiently apprised of the accusations against him to defend against the

plaintiff's claims (*see, e.g., Pustilnik v Pustilnik,* 24 AD2d 868; *Kurcz v Kurcz,* 13 AD2d 954).

In view of the foregoing determination, we need not address the remaining issue raised by the defendant on this appeal. Rosenblatt, J. P., O'Brien, Ritter and Friedmann, JJ., concur.