— In an action for a divorce and ancillary relief, the defendant husband appeals from (1) an order of protection of the Supreme Court, Westchester County (Shapiro, J.), dated January 6, 2003, which, upon the filing by the plaintiff wife of a family offense petition with the Family Court, and the referral of that petition to the Supreme Court, and after a hearing, inter alia, directed him to vacate the marital residence, and (2) so much of an order of the same court entered February 14, 2003, as denied that branch of his motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (7), or to *422 compel the plaintiff wife to provide a more definite statement of her allegations.
Ordered that the order dated January 6, 2003, is affirmed; and it is further,
Ordered that the order entered February 14, 2003, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiff wife.
Contrary to the husband’s contention, the allegations contained in the complaint were sufficient to state a cause of action for divorce based on cruel and inhuman treatment (see Wanser v Wanser, 214 AD2d 611, 612 [1995]; Hirschhorn v Hirschhorn, 194 AD2d 768 [1993]; Horvath v Horvath, 177 AD2d 617, 618 [1991]). Furthermore, the allegations sufficiently apprised the husband of the accusations against him so as to enable him to prepare a defense (see Pfeil v Pfeil, 100 AD2d 725 [1984]; Kapchan v Kapchan, 104 AD2d 358, 359 [1984]; McKilligan v McKilligan, 156 AD2d 904, 907 [1989]).
Moreover, under the facts of this case, the Supreme Court properly issued an order of protection (see Family Ct Act § 812 [1]; Matter of Amy Cohen L. v Howard N.L., 222 AD2d 677 [1995]).
The husband’s remaining contentions are without merit. Krausman, J.P., McGinity, Cozier and Rivera, JJ., concur.