— In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Richmond County (Silber, J.), dated October 16, 2007, which granted the defendant’s motion, inter alia, pursuant to CPLR 3016 (c) to dismiss the complaint.
Ordered that the order is affirmed, with costs.
*461 The first cause of action is for a divorce based upon cruel and inhuman treatment. However, notwithstanding that the plaintiff pleaded in general terms a continuous course of conduct which, if proven, would entitle her to a divorce on the theory advanced (see Harari v Harari, 234 AD2d 421 [1996]; Smith v Smith, 206 AD2d 255 [1994]; McKilligan v McKilligan, 156 AD2d 904 [1989]; Kapchan v Kapchan, 104 AD2d 358 [1984]; Pfeil v Pfeil, 100 AD2d 725 [1984]; Lerner v Lerner, 65 AD2d 889 [1978]), under the circumstances, the plaintiffs first cause of action is insufficiently specific to meet the requirements of CPLR 3016 (c). Without further details, the defendant has not been sufficiently apprised of the accusations against him to defend against the plaintiffs claims (see Harari v Harari, 234 AD2d at 421-422; Pustilnik v Pustilnik, 24 AD2d 868 [1965]; Kurcz v Kurcz, 13 AD2d 954 [1961]).
Additionally, the Supreme Court correctly determined that the plaintiffs second cause of action, alleging that she was forced to leave the marital home because of the defendant’s alleged abuse cannot constitute an independent cause of action for divorce on the ground of abandonment (see Jeffrey v Jeffrey, 172 AD2d 719 [1991]).
The plaintiff’s remaining contentions are without merit. Skelos, J.E, Ritter, Garni and Dickerson, JJ., concur.